Settle order.

## NICHOLS v. COWLES MAGA-ZINES, Inc.

### Civ. A. No. 51–1001.

United States District Court
D. Massachusetts.

April 2, 1952.

Nathan Moger and Fitzpatrick & Moger, all of Boston, Mass., for plaintiff.

J. N. Welch and Hale & Dorr, all of Boston, Mass., for defendant.

FORD, District Judge.

This is an action for libel based on a news item published in defendant's magazine QUICK which was allegedly defamatory of plaintiff. Defendant moves to dismiss the action or, in the alternative, to quash the attempted service of process as ineffectual.

The relevant facts appear in affidavits filed with defendant's motion. Plaintiff does not challenge the correctness of the facts thus set forth. Defendant is an Iowa corporation not licensed to do business in Massachusetts. It publishes the magazines QUICK and LOOK. Its editorial offices are in New York, its subscription office is in Des Moines, and the actual printing of the magazines is done in several plants outside of Massachusetts. The magazines in question are distributed by one of two methods. Some are sent by mail from Des Moines, Iowa, to subscribers whose subscriptions have been received by mail or through the efforts of independent contractors soliciting orders on a commission basis. The rest are sold by defendant to independent wholesalers who then resell the magazines to newstands and other retail outlets. The American News Company carries on such distribution in Massachusetts.

Defendant does have some direct contacts with Massachusetts. It maintains an office in Boston, with telephones listed in the Boston telephone directory under the names of COWLES MAGAZINE INC and LOOK MAGAZINE, for an advertising promoter who solicits advertising for LOOK but not for QUICK. His work is confined to solicitation. He makes no contracts, does not service accounts, handle complaints nor make collections. He does call on prospective customers to try to convince them that LOOK magazine is an effective advertising vehicle, and to answer any objections they may have as to the advertising facilities offered by his employer. There are also two employees of defendant who work in Massachusetts as "road men". Their activity is confined to checking the effectiveness of the display, promotion and

sale of defendant's magazines and reporting their findings to the New York office. The third activity of defendant's employees in Massachusetts appears only from the statement of the affidavit of Marvin C. Whatmore, a vice-president and business manager of the defendant, that "photographers and writers from time to time are sent into Massachusetts on specific story assignments."

Defendant's contention is that under a rule laid down in Massachusetts decisions, defendant is not doing business in Massachusetts, the Massachusetts courts would not assert jurisdiction over it, and hence this court has no jurisdiction. Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, 194. Further, it argues, if defendant is not doing business in Massachusetts, the venue is improper, since defendant is admittedly not a Massachusetts corporation and not licensed to do business in Massachusetts, plaintiff is a New Hampshire resident, and jurisdiction here rests solely on grounds of diversity. 28 U.S.C. § 1391.

■ The mere soliciting of interstate business, without something more, would not subject a foreign corporation to suit in the Massachusetts courts. Thurman v. Chicago, Milwaukee & St. Paul Ry. Co., 254 Mass. 569, 151 N.E. 63, 46 A.L.R. 563; cf. Green v. Chicago, Burlington & Quincy Ry. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916. But it is also clear that such solicitation plus further activities within the state may be sufficient to lead the Massachusetts courts to assert jurisdiction. Plibrico Jointless Firebrick Co. v. Waltham Bleachery & Dye Works, 274 Mass. 281, 174 N.E. 487. In Wyshak v. Anaconda Copper Mining Co., Mass.1952, 103 N.E.2d 230, the trustee, American Brass Company, maintained an office here for solicitation of orders and promotional work. Investigation of complaints was also made from this office, this being confined to determining the facts and reporting them to the Connecticut office, which decided the action to be taken. The court, considering the jurisdictional requirements in the case of a trustee to be the same as for an ordinary defendant, held that there was sufficient activity in addition to mere solicitation to

bring the trustee within the jurisdiction of the Massachusetts courts. It found this additional activity in the investigation of complaints and in the promotional work carried on in Massachusetts. By promotional work the court seemed to mean any activity which lays the foundation for future orders, activity aimed at convincing a potential customer of the superiority of the product or service furnished by the salesman's employer, so that at some future time, with or without solicitation, he will order them. This promotional activity it regards as distinct from straight solicitation aimed at the obtaining of present orders, and as an important activity in addition to such solicitation.

■ In the present case, the activity of defendant's advertising promoter in soliciting advertising and explaining to prospective advertisers the value of advertising in defendant's magazines is similar to the promotional work carried on by the trustee in the Wyshak case, supra. Defendant has no one in Massachusetts to handle complaints, but there is a similarity between what was done in the Wyshak case and what is done by defendant's "road men". In Wyshak there was an investigation and report on conditions whenever a customer complained. Here, defendant on its own initiative maintains a continuing investigation of the conditions under which its magazines are distributed. In both cases action to correct conditions was taken only by an office in another state. In both cases the object of the activity was the same—to maintain good will and increase the sale of its product in Massachusetts. The activity of the "road men" certainly partakes of the nature of that promotional activity which the Massachusetts court finds important when it is added to simple soliciting. In

addition, the gathering of news material and photographs, an integral part of defendant's publishing business, is carried on in Massachusetts to some extent not clearly defined. Defendant's affidavit by Mr. Whatmore is vague as to how frequently these employees come into Massachusetts, but it seems fair to assume that these visits are not so infrequent or incidental that they can be disregarded as insignificant. These activities together with the solicitation of advertising constitute a regular pattern of activity by defendant within Massachusetts which would lead the Massachusetts courts to assert jurisdiction, and which would constitute a sufficient basis of jurisdiction to make such an action by Massachusetts constitutional. Schmikler v. Petersime Incubator Co., 1 Cir., 177 F.2d 983.

■ Process in this case was served upon the Commissioner of Corporations and Taxation of Massachusetts. Defendant has not complied with Mass.G.L.(Ter.Ed.) Ch. 181, § 3 requiring foreign corporations doing business within the state to appoint the commissioner as agent for service of process. Hence, the effectiveness of the service in the instant case is governed by Mass.G.L.(Ter.Ed.) Ch. 181, § 3A.[1] This makes the commissioner agent for service of process only where the cause of action arises out of the business done within Massachusetts. Trojan Engineering Corp. v. Green Mountain Power Corp., 293 Mass. 377, 382, 200 N.E. 117. The cause of action here did not arise out of the activities of defendant in this state. The preparation and publication of the matter complained of took place entirely outside Massachusetts. Hence, it must be held that the service of process made here was not authorized by Mass.G.L.(Ter.Ed.) Ch. 181, § 3A. Coak-

1. "§ 3A. *Certain foreign corporations failing to register to be deemed to have appointed commissioner attorney for service of process.*—Any such corporation which does business in this commonwealth without complying with the provisions of section three, including a corporation as to which the commissioner is required by section six to refuse appointment as attorney for service, shall, without affecting any penalty, liability or disability imposed by section five, be deemed and held, in relation to any cause of action or proceeding arising out of such business, to have appointed the commissioner and his successor in office to be its true and lawful attorney, and any process in any such action or proceeding against it served upon the commissioner or his successor in office shall be of the same legal force and validity as if served on such corporation."

ley v. Frank A. Munsey Co., D.C., 50 F. Supp. 83.

Motion to dismiss is denied.

Motion to quash service of process is allowed.