## NICHOLS v. COWLES MAGAZINES, Inc.
### Civ. A. 51–1001.

United States District Court
D. Massachusetts.

June 24, 1952.

Nathan Moger, Boston, Mass., for plaintiff.

J. N. Welch, Boston, Mass., for defendant.

FORD, District Judge:

The defendant moved on April 11, 1952 for a rehearing on its motion to dismiss, which was previously denied (103 F.Supp. 864), and for leave to file further clarifying affidavits in support of its motion. Rehearing and leave were granted. This court in its memorandum of April 2, on defendant's motion to dismiss and quash service of process, quashed plaintiff's service of process on the commissioner of corporations under the provisions of Mass.G.L. (Ter.Ed.) Ch. 181, § 3A, on the ground that plaintiff's cause of action did not arise out of business done within Massachusetts. Plaintiff filed, on April 2, an application for an order of notice under the provisions of Mass. G.L.(Ter.Ed.) Ch. 223, § 37, as amended.

Section 37, which is made applicable to service of process on foreign corporations doing business within the state by the provisions of § 38 of the same chapter, provides that where an officer authorized to serve process makes return on such process that, after diligent search, he can find no one upon whom he can lawfully make service in accordance with prior provisions of the section, the court may issue an order of notice, a copy of which is to be delivered to the commissioner of corporations and taxation. It is then provided that, "Said commissioner shall forthwith cause said copy to be forwarded by registered mail, return receipt requested, to such corporation at such address as may be designated for the purpose by a writing signed by its president, treasurer or clerk and filed with said commissioner or if no such address has been designated, to its principal place of business in the commonwealth as stated in the last certificate of condition filed by it or, if no certificate has been filed by it, as stated in its articles of organization or any articles of amendment thereof."

The marshal has made return on the summons that he has made diligent search and failed to find any officer, agent or attorney of defendant corporation upon whom service may be made within the district. But, it is also conceded that the corporation has never filed with the commissioner any designation of an address to which the order of notice could be mailed, and has never filed a certificate of condition, or articles

of organization in which is stated any principal place of business in Massachusetts. Plaintiff's counsel stated he would be unable to give any address to which the commissioner could mail the copy of the order of notice which would come within the statutory requirements. This is obvious. It would appear that all the commissioner could do if a copy were delivered to him would be to return it undelivered to the court. In that case, the issuance of the order of notice would be a futile gesture. Section 37 is not applicable to a foreign corporation under the circumstances of this case and the application must be denied.

It thus appears that plaintiff has exhausted all possibilities of making service in this case. There being no likelihood that any effectual service can be made, the proper course is to dismiss the action. Jones v. Motorola, Inc., 2 Cir., 186 F.2d 707, 708.

In the light of the result reached, there is no necessity of discussing the clarifying affidavits with respect to the question of whether the defendant was "doing business" in Massachusetts at the time of the alleged libel and, because of this and the fact that the litigation has ended in this court, the memorandum decision of April 2, 1952 is recalled insofar as it relates to the question of the defendant's "doing business" in Massachusetts.

Application for order of notice is dismissed.

Motion to dismiss the action is allowed.