**WILLIAM I. HORLICK CO., Inc.,**

v.

**BOGUE ELECTRIC MANUFACTUR-
ING CO.**

Civ. A. No. 56–36.

United States District Court
D. Massachusetts.

April 16, 1956.

Sydney S. Epstein, Boston, Mass., for plaintiff.

Howard Rubin, Guterman, Horvitz & Rubin, Boston, Mass., for defendant.

FORD, District Judge.

This is an action for breach of warranty in connection with the sale of certain electric generators originally brought in the Massachusetts Superior Court by a Massachusetts corporation against a New Jersey corporation and removed to this court by the defendant. Defendant now moves to dismiss the action or in the alternative to quash the return of service upon the defendant.

Service was made upon the Massachusetts Commissioner of Corporations and Taxation, purportedly under the provisions of Massachusetts G.L. Ch. 181, § 3A.

■ Defendant since July 12, 1954, has had a salesman in Massachusetts to solicit business for it in this state and throughout the New England area. Through arrangement with a telephone answering service it has a telephone listed under its name in the greater Boston telephone directory, and on business cards and otherwise lists a Boston address as its sales office. On its business cards the present salesman is designated as an engineering representative. In addition to soliciting sales, subject to final approval by the New Jersey office, he may perform other services, such as relaying requests for changes or information from the customer to the New Jersey office and at least occasionally has visited customers to discuss complaints. When repairs have to be made on machinery sold by defendant, defendant's service men are sent here from New Jersey to do the work. Thus there is present here solicitation together with sufficient additional promotional work, so that the defendant can be found to be doing business in Massachusetts. Wyshak v. Anaconda Copper Mining Co., 328 Mass. 219, 103 N.E.2d 230.

■ Mass.G.L. Ch. 181, § 3A, provides for service on the commissioner as attorney for a foreign corporation doing business within Massachusetts only "in relation to any cause of action or proceeding arising out of such business". The present action arises out of a sale of machinery under a contract made in December, 1951, the machinery being delivered at various times up to January, 1953. At that time defendant's only connection with Massachusetts was that it advertised in nationally circulated magazines distributed here. The negotiations leading to the contract were made by mail and telephone. The contract itself was completed by defendant's acceptance of plaintiff's order at its New Jersey office, and called for the shipment of the machinery from New Jersey to Boston, f. o. b. Paterson, New Jersey. Clearly this cause of action does not arise out of the business done by defendant in Massachusetts, which dates only from July 12, 1954. Section 3A is by its own terms inapplicable to the present case, and the service of process made under it should be quashed.

■ If it were now clear that no effectual service could ever be made in this action, it would be proper to dismiss the complaint. Nichols v. Cowles Magazines, Inc., D.C., 108 F.Supp. 883. That fact has not as yet been made clear here. Plaintiff appears to believe it can make valid service under Mass.G.L. Ch. 223, §§ 37, 38. It should be given the opportunity to do so. The validity of any such attempted service can then be specifically passed upon. Meanwhile the action should not be dismissed.

Defendant's motion to quash return of service of summons is allowed. The motion to dismiss is denied without prejudice.