**WOODLAWN REALTY CORP., Plaintiff,**

v.

**SMITH–SCOTT CO., Inc., Defendant.**

**Civ. A. No. 62–445.**

United States District Court
D. Massachusetts.

Feb. 24, 1964.

Bernard Glazier, Springfield, Mass., for plaintiff.

Edwin H. Lyman, Jr., James E. Weldon, Springfield, Mass., for defendant.

JULIAN, District Judge.

This is an action brought originally in the Massachusetts Superior Court for alleged breach of express and implied warranties of underground irrigation pipe.

The plaintiff is a Massachusetts corporation having its principal place of business in Massachusetts. The defendant is a California corporation with its principal place of business in that state.

The case was removed to this Court by the defendant, who appeared specially "for the sole purpose of asserting the lack of jurisdiction over the person of the defendant" and moved to dismiss the action on the ground that it has never been subject to service of process in Massachusetts and has not been properly served with process in this action.

The plaintiff caused process to be served upon the commissioner of corporations and taxation of the Commonwealth of Massachusetts under the provisions of Mass.Gen.Laws, c. 181, § 3A.[1]

The parties have submitted the motion for decision on their affidavits and briefs.

The "hi-Flo" lightweight steel pipes in question were manufactured by the defendant and sold by the defendant to New England Irrigation Co. of Windsor Locks, Connecticut. The pipes were shipped collect by railroad f. o. b. California to New England Irrigation Co. at Suffield, Connecticut.

New England Irrigation Co., which is a proprietorship owned and managed by Maurice Miller, in turn sold the pipes to the plaintiff and transported them from Connecticut to the plaintiff's premises in Massachusetts where they were installed by the plaintiff under the supervision of Maurice Miller.

In soliciting the plaintiff to buy the pipes, in buying the pipes from the defendant, in reselling them to the plaintiff, and in supervising their installation Miller acted on his own initiative and for his own account. No relationship of principal and agent existed between the defendant and Miller.

Defendant's letter of April 25, 1957, to Miller at Windsor Locks, Connecticut (Exh. D attached to Grodsky's affidavit) did nothing more than designate Miller, doing business as New England Irrigation Co., as defendant's "exclusive distributor at this time for hi-Flo Lightweight Steel Pipe" in his "area." The terms of the distributorship were not stated. Defendant did not retain any right of control over Miller or his "Company." Defendant did not in fact exercise or attempt to exercise any control whatever over Miller or his "Company."

Defendant has never registered to do business in Massachusetts nor appointed the commissioner of corporations and taxation of Massachusetts as its agent for service of process. Defendant does not have and has never had any officer, agent, or other person representing it in Massachusetts in the sale of merchandise or service. Defendant has never solicited or carried on business in Massachusetts. Defendant has never had an office, salesroom, branch plant, warehouse, telephone, telephone listing, post office box, or a bank account in Massachusetts. It has never owned property in Massachusetts. It has never advertised in Massachusetts except as persons in Massachusetts may see advertisements placed in trade journals published outside of Massachusetts.

On the basis of the foregoing facts I rule that the defendant has not done business in Massachusetts within the meaning of Mass.Gen.Laws, c. 181, § 3A. Waltham Precision Instrument Co. v. McDonnell Aircraft Corp., 1962, 1 Cir., 310 F.2d 20; Venus Wheat Wafers, Inc. v. Venus Foods, Inc., 1959, D.C.Mass., 174 F.Supp. 633. The process served in this action, therefore, has no legal force or validity.

Since there can be no service on the defendant under Mass.Gen.Laws, c. 223, § 38 (see William I. Horlick Co. v. Bogue Electric Manufacturing Co., 1956, D.C.Mass., 140 F.Supp. 514), the defendant's motion is granted and the complaint is ordered dismissed.

1. G.L., c. 181, § 3A: " * * * Any such corporation which does business in this commonwealth without complying with the provisions of section three * * * shall * * * be deemed and held, in relation to any cause of action or proceeding arising out of such business, to have appointed the commissioner and his successor in office to be its true and lawful attorney, and any process in any such action or proceeding against it served upon the commissioner or his successor in office shall be of the same legal force and validity as if served on such corporation."