**Helen K. KAISER, Administratrix of the Estate of Carole Lu Kaiser, Deceased, Plaintiff and Appellant,**

**v.**

**Carroll O. LOOMIS, Defendant and Appellee.**

**No. 17637.**

United States Court of Appeals Sixth Circuit.

March 27, 1968.

Herbert Phillipson, Jr., Dowagiac, Mich., James Thomas Sloan, Jr., Kalamazoo, Mich., by Herbert Phillipson, Jr., Dowagiac, Mich., on brief, for appellant.

G. Anthony Edens, Grand Rapids, Mich., Luyendyk, Hainer & Karr, by John D. B. Luyendyk, Grand Rapids, Mich., on brief; Seymour, Seymour & Conybeare, Benton Harbor, Mich., of counsel, for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

The only question posed by this appeal is whether an American citizen, born in one of the states of the United States to parents who were citizens of that state, can lose the state citizenship for purposes of diversity jurisdiction which he acquired at birth without first acquiring a new domicile. We hold that he cannot.

This is a personal injury case in which plaintiff's daughter, Carole Lu Kaiser, was killed when the automobile in which she was riding was struck by an automobile driven by defendant-appellee, Carroll O. Loomis. Federal jurisdiction was claimed on grounds of diversity of citizenship under 28 U.S.C. § 1332 (1964).[1]

The case was tried before a District Judge in the United States District Court for the Western District of Michigan. A jury verdict of $30,000 was returned for plaintiff.

Jurisdiction over the controversy had been contested from the outset of the litigation, with defendant claiming that the required diversity of citizenship did not exist. The District Judge reserved this question for decision until after the taking of the jury verdict. He ultimately granted defendant's motion to reopen proofs and then made certain findings of fact and dismissed the whole cause of action for lack of diversity of citizenship.

The Judge's opinion said in part:

"In the amended complaint, the plaintiff claims that the defendant was, at the time of the institution of suit, a citizen of the State of Illinois. Admittedly, the defendant was not at that time a resident; that is, was not domiciled, was not living, in the State of Illinois. He was at that time a resident or living or domiciled, using all those terms as synonymous, in Ad-

dis Ababa, Ethiopia, as a medical missionary.

\*   \*   \*   \*   \*   \*

"Our attention is called to the fact that the defendant has on numerous instances given his permanent address the place at which he could always be reached, as Anna, Illinois, which, according to the proofs, is the residence of his parents.

"It appears affirmatively that the defendant has not in fact, resided, been domiciled at, or lived at Anna, Illinois, for a number of years. In the interim period he has lived in Michigan as a trainee at the Berrien County Hospital. He has lived in New York temporarily as a trainee for overseas duty as a missionary doctor. He now lives in Addis Ababa, Ethiopia, obviously on a temporary basis by any criteria that has been brought to the attention of the court.

"From all of the proofs, it appears that the defendant was at one time a resident of Anna, Illinois. He moved from Anna, Illinois, several years before the institution of this suit. There is nothing in the evidence in the nature of affidavit, deposition or answer to interrogatory which convinces this court that the defendant has had the intention of being a resident or citizen of the State of Illinois for many years.

"Unfortunately for the plaintiff— and the court does deem it unfortunate —it appears to the satisfaction of the court that, in reality, the defendant does not have any actual citizenship in any specific state. He comes directly under the ruling of the Third Circuit Court of Appeals in Pemberton v. Colonna, 290 F.2d 220. He is a citizen of the United States residing abroad. But he hasn't the slightest intention,

---

1. "§ 1332. *Diversity of citizenship*; \* \* \*
    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;
(2) citizens of a State, and foreign states or citizens or subjects thereof;
\* \* \*."

according to what this court can gather from the proofs adduced, of making Addis Ababa, a place where he is now living, anything in the way of a permanent residence.

"If we were depending on residence, it does not appear that Addis Ababa is his residence. It is only the place where he, as a medical missionary, is temporarily living, subject to his receiving an assignment to the same or a later post at the discretion of the assigning authorities of the Presbyterian Church. Admittedly, they can't require him to go any place else.

"But from all the evidence before the court, there isn't anything from which the court can conclude that as of the time that this lawsuit was filed in July, 1964, the defendant, Carroll O. Loomis, was a citizen of the State of Illinois."

The additional fact supplied by the record and undisputed is that defendant was born in Illinois to parents who then did and still do live there. He resided there (aside from two years in service) until he moved to Michigan.

The District Judge held "that, in reality, the defendant does not have any actual citizenship in any specific state * * *. He is a citizen of the United States residing abroad." He concluded that dismissal of this suit was required by the rule of Pemberton v. Colonna, 290 F.2d 220 (3d Cir. 1961). In *Pemberton,* however, the facts as found showed that plaintiff had established domicile in Mexico. The Third Circuit held on those facts that plaintiff was not a citizen of any state but was a citizen of the United States "domiciled" abroad. The critical distinction between this case and the *Pemberton* case is the difference between "residence" and "domicile."

■ "Citizenship" for purposes of the diversity statute is synonymous not with "residence" but with "domicile." Napletana v. Hillsdale College, 385 F.2d 871 (6th Cir. 1967); Williamson v. Osenton, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914).

We cannot agree that any facts shown in this record lead to the legal conclusion reached by the District Judge that "the defendant does not have any actual citizenship in any specific state."

■ "Citizenship" for purposes of the diversity statute is determined as of the date of commencement of the action. Smith v. Sperling, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); Mullen v. Torrance, 22 U.S. (9 Wheat.) 237, 6 L.Ed. 154 (1824). It is clear that when this action was started, defendant was a resident of Ethiopia.

But the well-supported findings of the District Judge pertaining to the temporary character of defendant's residence in Addis Ababa prohibit any finding of domicile in a foreign country.

When defendant was born in Illinois to parents who were domiciled there, he took the domicile of his father. Lamar v. Micou, 112 U.S. 452, 470, 5 S.Ct. 221, 28 L.Ed. 751 (1884); Bjornquist v. Boston & A.R. Co., 250 F. 929, 5 A.L.R. 951 (1st Cir.), cert. denied, 248 U.S. 573, 39 S.Ct. 11, 63 L.Ed. 427 (1918); Yarborough v. Yarborough, 290 U.S. 202, 211, 54 S.Ct. 181, 78 L.Ed. 269 (1933). That domicile persists until and unless it is changed. Mitchell v. United States, 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1874). In this last case the United States Supreme Court also dealt with the factors which establish a change of domicile:

"To constitute the new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there. The change cannot be made except *facto et animo.* Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change." Mitchell v. United States, 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1874).

In Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954), the court said, "citizen-

ship is not necessarily lost by protracted absence from home, where the intention to return remains." And dealing with burden of proof on the issue of citizenship for diversity purposes, the court stated: "The burden of proving diversity jurisdiction, when challenged, is upon the plaintiff; but when it is shown, as in this case, that the [party] had a former domicile in [another state], the presumption is that it continues to exist, and the burden shifts to the defendant to prove that it has changed." Stine v. Moore, 213 F.2d at 447.

■ The record we have reviewed requires the conclusion that defendant was domiciled in and was a citizen of Illinois at least up to 1960. It also supports the District Judge's finding that his residence in Ethiopia is temporary in character and, hence, could not effect a change of domicile.

The question remaining is whether or not defendant bore the burden of proof to show that defendant changed his domicile from Illinois to Michigan during his residence in the latter state.

At oral argument of his motion to dismiss, counsel for defendant conceded that defendant was not a citizen of Michigan at the time of filing of this complaint. The language employed, however, suggests that this concession may have been made as a result of misapprehension of law.

■ Since the proofs are somewhat in dispute on this score, we think this question is in the first instance one for the District Judge to resolve.

We find no merit to appellant's claim pertaining to inadmissibility of certain evidence. The issue of jurisdiction is heard by the judge alone. We feel the District Judge is capable of weighing the extent of hearsay or of self-service motivation involved in the contested statements.

Reversed and remanded for further proceedings consistent with this opinion.