**COMMERCIAL BANK & TRUST COMPANY**

v.

**George T. KATTAR.**

**Civ. A. No. 69-382.**

United States District Court
D. Massachusetts.

Dec. 24, 1969.

Gerald Gillerman, Slater & Goldman, Boston, Mass., for plaintiff.

John F. Groden, Withington, Cross, Park & Groden, Boston, Mass., Stanley M. Brown, Manchester, N. H., for defendant.

OPINION

CAFFREY, District Judge.

This is a civil action sounding in contract which was commenced in the Superior Court for the County of Middlesex by plaintiff, a banking corporation organized under the laws of the Commonwealth of Massachusetts, against defendant, an individual described in the complaint as a resident of Methuen, Massachusetts. Thereafter, defendant filed a petition for removal of the case to this court, describing himself as a citizen of Meredith, New Hampshire. The amount in controversy between the parties concededly exceeds the sum of $10,000.

The matter came before this court upon the bank's motion to remand the case to Superior Court on the ground that this court lacks jurisdiction because defendant is a resident and citizen of the Commonwealth of Massachusetts, as a consequence of which there is no diversity of citizenship between the parties as alleged in the petition for removal to this court.

An examination of the papers on file indicates that this is the type of case of which the district courts of the United States have original jurisdiction under 28 U.S.C.A. sec. 1332, and which, consequently, is removable under 28 U.S.C.A. § 1441, if the requisite jurisdictional amount is involved and if complete diversity exists between the parties plaintiff and parties defendant. For purposes of 28 U.S.C.A. § 1332, a citizen of a state is a person who is domiciled there. Williamson v. Osenton, 232 U.S. 619, 624, 34 S.Ct. 442, 58 L.Ed. 758 (1914); Kaiser v. Loomis, 391 F.2d 1007, 1009 (6 Cir. 1968); Napletana v. Hillsdale College, 385 F.2d 871, 872 (6 Cir. 1967).

The petition for removal alleges no basis of jurisdiction of this court other than diversity of citizenship. Hence, to properly remove the case to this court the party seeking removal must establish that his domicile was in a state other than Massachusetts, both at the time the action was commenced in the state court and at the time the petition for removal was filed in this court. Roecker v. United States, 379 F.2d 400, 407 (5 Cir. 1967), cert. denied Tighe v. Roecker, 389 U.S. 1005, 88 S.Ct. 563, 19 L.Ed.2d 600; Stevens v. Nichols, 130 U. S. 230, 231, 9 S.Ct. 518, 32 L.Ed. 914 (1888). The papers on file indicate that the instant case was filed on March 10, 1969 and the petition for removal was filed on April 14, 1969. Thus, the controlling question reduces itself to whether or not Mr. Kattar was domiciled in New Hampshire on both of those dates.

The affidavit by Mr. Kattar on file herein concedes that he was a citizen of Massachusetts and a resident of Massachusetts from 1950 until 1967 or 1968. Massachusetts law defines domicile as

"the place of one's actual residence with intention to remain permanently or for an indefinite time and without any certain purpose to return to a former place of abode." Rummel v. Peters, 314 Mass. 504, 512, 51 N.E.2d 57, 62 (1943).

Since Mr. Kattar's affidavit establishes that he was a citizen of Massachusetts from 1950 to at least 1967 he must meet the requirements of Massachusetts law with reference to changing his domicile.

Shaw v. Shaw, 98 Mass. 158 (1867) establishes those requirements for changing one's domicile:

"Everyone must have a domicile somewhere, and a domicile once existing cannot be lost by mere abandonment even when coupled with the intent to acquire a new one, but continues until a new one is in fact gained." (at p. 160)

In Katz v. Katz, 274 Mass. 77, 80–81, 174 N.E. 202, 204 (1931), the Supreme Judicial Court further ruled:

"In order to acquire a domicile both the fact and the intent must concur. Actual residence and the intention to remain either permanently or for an indefinite time without any fixed or certain purpose to return to the former place of abode are required to constitute a change of domicile."

The affidavits on file, as well as the testimony of Mr. Kattar at the hearing on the motion to remand, indicate that Mr. Kattar has followed a course reminiscent of the course of conduct followed by Dr. Dorrance, the late President of the Campbell Soup Company, as reported in the cases of In re Dorrance's Estate, 309 Pa. 151, 163 A. 303 (1932), and In re Dorrance's Estate, 115 N.J.Eq. 268, 170 A. 601 (1934). See, also, State of New Jersey v. Pennsylvania, 287 U.S. 580, 53 S.Ct. 313, 77 L.Ed. 508 (1932). There, for a variety of business, family, and social reasons, Dr. Dorrance maintained a substantial number of contacts

458

and places of residence in both the States of New Jersey and Pennsylvania. His contacts with both states were of such a substantial nature that each state, acting independently of the other, was able to obtain a final judgment to the effect that for estate tax purposes Dr. Dorrance was a domiciliary of that state, with the disappointing result to his heirs that the estate was liable to New Jersey for New Jersey inheritance taxes on the theory that the good doctor was a domiciliary of New Jersey, and his estate was likewise found by the Pennsylvania courts to be liable for taxes to the State of Pennsylvania on the theory that he was a domiciliary of Pennsylvania.

In the instant case, Mr. Kattar has maintained a number of significant contacts with both New Hampshire and Massachusetts. His New Hampshire contacts appear to be primarily business and tax oriented; his Massachusetts contacts are business and family oriented. He owns a home in Meredith, New Hampshire, and he testified that he has lived in a home which has stood in his wife's name since 1950 in Methuen, Massachusetts. He testified that his wife conveyed this house to one Nazarian, his next door neighbor, in the spring of this year, but that title was not passed and possession delivered until June 30, 1969. However, at the hearing held in this court on September 29, Mr. Kattar conceded that he still uses the house in Methuen, that his furniture and a substantial number of his personal possessions are still in that house, that nothing of Nazarian's has been moved in, and that Nazarian has not taken possession. He further testified that he has business interests in both Massachusetts and New Hampshire, that he files his tax returns and registers his cars in New Hampshire, and that he has become a registered voter in New Hampshire. On the other hand, each of his five children attends private schools in Massachusetts, at least one of them being a day student. In his testimony on September 29, Mr. Kattar referred to the Methuen, Massachusetts house as "home." He likewise

testified that he and his family always spend the school year in Methuen and that in March 1969 when service of process was made both he and his wife were in Methuen.

I judicially notice that the telephone directory for Lawrence, Massachusetts and vicinity, which includes the Town of Methuen, which directory recites that it was corrected through August 6, 1969, lists the telephone at 131 Jackson Street, Methuen, to George T. Kattar.

In summary, I am satisfied that there has not been a showing herein of a coincidence between the fact of actual residence and an intention to remain permanently or for an indefinite time in New Hampshire without any fixed or certain purpose of returning to Massachusetts on the part of Mr. Kattar. Consequently, I find that he is still a resident and citizen of Massachusetts and that diversity of citizenship has not been established. The petition for remand is allowed.

Order accordingly.