Kerry **BERHALTER** and Kevin D. Cox, Administrator of the Estate of Benjamin F. Hurst, Deceased, Plaintiffs,

v.

George W. **IRMISCH**, Douglas B. Routt, and Cessna Aircraft Company, Defendants.

Civ. No. 76–468.

United States District Court, W. D. New York.

Aug. 10, 1977.

James A. Garvey, Garvey, Magner, Sullivan & Love, Buffalo, N. Y., for plaintiffs.

Edward L. Robinson, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y., for defendants Irmisch and Routt.

Daniel T. Roach, Brown, Maloney, Gallup, Roach & Busteed, P. C., Buffalo, N. .Y., for defendant Cessna.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Presently, there is a motion before this Court by defendant Irmisch pursuant to Fed.R.Civ.P. rule 12(b) for an order dismissing the complaint as to him because of improper service or, in the alternative, because of lack of diversity jurisdiction. In opposition, there is a cross-motion by plaintiffs for an order nunc pro tunc pursuant to Fed.R.Civ.P. rule 4(i)(1)(E) authorizing the manner of service or, in the alternative, for an order for leave to make service in a manner prescribed by rule 4(i)(1)(D) by registered mail dispatched by the Clerk of the Court.

This action arises from an airplane crash in the Town of Grand Island, N. Y. December 28, 1974. At the time of the accident, defendant Irmisch was the pilot of an airplane, a Cessna 177, manufactured by defendant Cessna Aircraft Company and owned by defendant Routt. The passengers in the plane at the time were plaintiff Berhalter and the decedent Benjamin F. Hurst for whose estate Howard Hurst was named administrator in Canada and plaintiff Cox was named ancillary administrator in New York State as required by state law.

As to the manner in which service was made, defendant Irmisch contends that he could not be served solely by mail by the Marshal in a foreign country—namely, Canada—without a court order. Fed.R.Civ.P. rule 4(i). Plaintiffs concede that service was technically incorrect but argue that defendant Irmisch received actual notice in time to preserve his rights and that the character of the irregularity in no way affects the fundamental validity of the judicial proceeding. Goldberg v. Weiner, 480 F.2d 1067 (9th Cir. 1973). Specifically, plaintiffs point to rule 4(i)(1)(D) which permits service by registered mail addressed and dispatched by the Clerk of the Court. I agree that the irregularity is not one that requires dismissal and order nunc pro tunc that service on defendant Irmisch be permitted by registered mail addressed and dispatched by the United States Marshal for the Western District of New York.

Defendant Irmisch's alternative motion for dismissal for lack of subject matter jurisdiction—i. e., no diversity of citizenship under 28 U.S.C. § 1332—is grounded upon his contention that, although he is a United States citizen, he is not a citizen of any state because he is domiciled in Canada. In support of this position, he has submitted an affidavit (sworn to December 14, 1976) of his father, Louis W. Irmisch, to which is attached a photocopy of the father's Canadian Immigration Identification Card and defendant Irmisch's own affidavit (sworn to

January 27, 1977) to which is attached an unreadable Exhibit A purported to be a photocopy of a record of his Canadian Landed Immigrant Status, and photocopies of his Canadian driver's license and his Ontario (Canada) Health Insurance Plan identification card. In opposition, plaintiffs argue that defendant Irmisch is a citizen of New York State relying upon the fact that he was born in New York and until 1970 resided within such state.

It is settled that an American citizen who is domiciled in a foreign country is not a citizen of any state and cannot sue or be sued on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) in the Federal courts. Plaintiffs do not contend otherwise. The disposition of this motion turns on a determination of where defendant Irmisch was domiciled when the action was commenced.

The burden is upon plaintiffs to show that diversity exists.] In demonstrating that fact plaintiffs may rely upon the presumption that a domicile continues to exist until there has been a bona fide adoption of a new domicile. *Kaiser v. Loomis*, 391 F.2d 1007 (6th Cir. 1968). However, such presumption is a procedural device and is not evidence and, when proof in rebuttal has been introduced, the presumption goes out of the case. *United States v. Hendrix*, 542 F.2d 879 (2d Cir. 1976).

A citizen of the United States can change his domicile instantly. Two elements only are necessary. He must take up residence at the new domicile, and he must intend to abandon his prior domicile and to adopt the new place of residence as his fixed, true and permanent home to which he would have the intention of returning whenever absent. *Mohr v. Allen*, 407 F.Supp. 483, 487–8 (S.D.N.Y. 1976).

Plaintiffs do not contend that defendant Irmisch is not a resident of Canada but instead depend solely upon the argument that the second element of intent is not present.

Intent is a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct. The uncontradicted affidavits submitted by defendant Irmisch support a finding that Canada was intended to be his domicile. His residence in Canada since 1970 has not been temporary or of short duration. *Kaiser v. Loomis, supra; Mohr v. Allen, supra.* In addition, his nuclear family resides in Canada, he is employed there and he allegedly applied for landed immigrant status prior to the accident.

In the face of this evidence, plaintiff has not sustained his burden of showing diversity. Therefore, the complaint is dismissed as against defendant George W. Irmisch for lack of diversity of citizenship jurisdiction.

So ordered.