**Randall S. HOWSE, Plaintiff,**

v.

**ZIMMER MANUFACTURING, INC., Defendant.**

Civ. A. No. 84–0121–C.

United States District Court, D. Massachusetts.

June 20, 1984.

Richard E. Blumsack, Somerville, Mass., for plaintiff.

Robert S. Kutner, Casner, Edwards & Roseman, Boston, Mass., for defendant.

---

1. The Court does not reach this issue.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by plaintiff Randall Howse, a Massachusetts resident, against defendant Zimmer Manufacturing, Inc. ("Zimmer"), an Illinois corporation. Plaintiff seeks to recover damages from defendant on theories of negligence, breach of warranty and strict liability. The matter is presently before this Court on plaintiff's motion to amend the complaint and defendant's motion to dismiss for lack of personal jurisdiction.

Plaintiff's motion to amend may be dealt with summarily. In his amended complaint, plaintiff alleges that this Court has personal jurisdiction pursuant to the Massachusetts long-arm statute, M.G.L. c. 223A. Plaintiff moves this Court to allow him to file a second amended complaint which would allege jurisdiction pursuant to M.G.L. c. 223. In all other respects, the first and second amended complaints are identical.

Amendments to pleadings under Rule 15 of the Federal Rules of Civil Procedure are to be freely granted. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In this case, allowing the amendment would not cause undue delay, nor would it prejudice the defendant. Moreover, the record indicates that plaintiff's request to amend is made in good faith. For these reasons, I rule that plaintiff's motion to amend should be allowed.

Plaintiff now asserts that the Court has jurisdiction over this dispute pursuant to M.G.L. c. 223, § 38. Section 38 reads, in pertinent part:

In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general. . . .

Defendant argues that it is not "engaged in or soliciting business in the commonwealth" as that term is used in § 38, and, therefore, this Court does not have personal jurisdiction over the defendant.

Plaintiff bears the burden of proving that the Court has personal jurisdiction over the defendant. *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904 (1st Cir.1980). Once jurisdiction has been challenged, plaintiff "must go beyond the pleadings and make affirmative proof." *Chlebda v. H.E. Fortna and Bro., Inc.*, 609 F.2d 1022, 1024 (1st Cir.1979). In this case, plaintiff has submitted portions of the deposition of John A. Docherty, III, majority shareholder and president of Docherty Associates, a Massachusetts corporation that represents defendant's products in Massachusetts. In opposition, defendant has submitted the affidavit of John Docherty, and the affidavit of Timothy M. Wendt, vice president of defendant Zimmer. When considering a motion to dismiss, the Court must treat the facts contained in plaintiff's complaint, affidavits and other materials as true, and it must resolve any dispute in the facts in favor of the plaintiff. *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 663 (1st Cir.1972).

A review of the record reveals the following facts relevant to the issue of jurisdiction. In January 1981, plaintiff was involved in a motorcycle accident in Rota, Spain, and suffered a broken hip. Several days later, plaintiff underwent surgery at the United States Naval Hospital in Rota, Spain. As part of the operation, a Jewett Nail and Plate, allegedly manufactured by defendant, was inserted into plaintiff's hip to repair the fracture. More than a year later, in March 1981, plaintiff underwent further medical treatment at the United States Naval Hospital in Newport, Rhode Island. The doctors there discovered that the Jewett Nail and Plate was malpositioned and that two of the screws were missing. Plaintiff claims that, as a result of this malpositioning, the fracture had set improperly, causing a malunion of the bone and a discrepancy in the length of his legs.

Defendant manufactures and sells, among other things, surgical implants, including the product known as the Jewett Nail and Plate. Defendant Zimmer is a Delaware corporation with its principal place of business in Indiana. Zimmer's products, including the Jewett Nail and Plate, are sold to all hospitals in Massachusetts. Zimmer itself does not advertise or sell its products in Massachusetts. Rather, Docherty Associates, a Massachusetts corporation, is the exclusive distributor of Zimmer products in the Commonwealth. In 1983, Docherty Associates sold approximately four million dollars' worth of Zimmer products in this state. Additionally, Docherty Associates has a regular inventory of Zimmer goods in Massachusetts valued at approximately $300,000.

Zimmer has not entered into a written distributorship or franchise agreement with Docherty Associates, nor does it control the day-to-day operations of Docherty Associates. Docherty Associates is not required to send any reports to Zimmer, and Zimmer is not obligated to supply products to customers identified by Docherty Associates. Docherty Associates is not reimbursed for samples, demonstration kits, or any other expenses incurred in the day-to-day conduct of its business. Similarly, Docherty Associates does its own advertising in Massachusetts, without reimbursement from Zimmer. Zimmer, however, does send announcements regarding new products to Docherty Associates to be made available to potential customers. Neither Docherty Associates nor any of its employees receives a salary from Zimmer. John Docherty, majority shareholder and president of Docherty Associates, is paid by Zimmer on a commission basis for representing its products in Massachusetts.

Zimmer has not registered to do business in Massachusetts and has not appointed a registered agent in Massachusetts. Zimmer does not manufacture or assemble any products in Massachusetts, nor does it have any office, telephone, telephone listing, bank account or post office box in Massachusetts. Zimmer has never sent any administrative personnel to Massachusetts, though Zimmer personnel frequently meet with surgeons in Massachusetts to discuss product development.

Plaintiff urges this Court to rule, on the basis of these facts, that defendant Zimmer is "engaged in or soliciting business in the Commonwealth" as that term is used in § 38.* In *Caso v. Lafayette Radio Electronics Corp.*, 370 F.2d 707 (1st Cir.1966), the Court of Appeals for the First Circuit described the "conservative" approach of the Massachusetts courts in applying c. 223, § 38:

[W]e derive two propositions about the Supreme Judicial Court's treatment of jurisdiction over foreign corporations: (a) despite the language of Mass.G.L. c. 223, § 38, and despite the court's intimations to the contrary, it has never extended jurisdiction over a corporation whose activities in the state amounted to no more than the constitutionally permissible "minimum contact"—it has regularly found more than "mere solicitation"; (b) even when it has found solicitation plus some other activity, it has not extended jurisdiction when the cause of action did not arise out of the activities in Massachusetts. On the other hand, where the corporation's activities more closely approximated the regular conduct of a domestic corporation—that is to say, where the defendant was clearly "doing business" in Massachusetts—the court has allowed jurisdiction for a transitory cause of action....

370 F.2d at 711–12 (citations omitted). The Court of Appeals then concluded:

We are satisfied that, generally speaking, the Massachusetts courts would assert jurisdiction over a foreign corporation served under section 38: (a) whenever the corporation's activities affect the

* Interestingly, plaintiff cites no cases in its brief supporting its argument that defendant's activities fall within the meaning of § 38. Instead, plaintiff has thoroughly briefed the issue of whether the exercise of jurisdiction by this Court would violate due process. Because of my rulings below, it is unnecessary for the Court to reach this issue.

commerce of Massachusetts substantially so that the state has an interest in regulating the general conduct of those activities ("doing business"), or (b) whenever the corporation's activities in Massachusetts have so affected the particular transaction at issue that it is appropriate to hear the claim in a Massachusetts court.

370 F.2d at 712.

 In light of the First Circuit's interpretation, I rule that this Court does not have jurisdiction over the defendant pursuant to c. 223, § 38. The facts show that defendant Zimmer is not engaged in business in Massachusetts. Admittedly, Zimmer's products are sold in substantial quantities in this state. However, these products are not sold by Zimmer, but, rather, by Docherty Associates. The latter corporation is an independent distributor over which Zimmer has virtually no control. Consequently, Docherty Associates is not an agent of Zimmer. *See, e.g., Venus Wheat Wafers, Inc. v. Venus Foods, Inc.,* 174 F.Supp. 633, 635 (D.Mass.1959); *Brandi v. National Bulk Carriers, Inc.,* 14 Mass.App. 916, 917–18, 436 N.E.2d 444 (1982). The only significant action which Zimmer itself has taken in this state is its appointment of an exclusive distributor for its products. This action alone is not enough to constitute doing business for purposes of § 38. *See Woodlawn Realty Corp. v. Smith-Scott Co., Inc.,* 226 F.Supp. 704 (D.Mass.1964).

Viewing the situation in the light most favorable to the plaintiff, the Court might find that the defendant's appointment of an exclusive distributor in Massachusetts was a form of "solicitation." However, plaintiff's claims against the defendant are completely unrelated to the "solicitation activities" of the defendant in Massachusetts. Plaintiff's injuries were allegedly caused by a surgical implant manufactured by defendant and sold by defendant, either directly or indirectly, to a United States naval hospital in Spain. The Jewett Nail and Plate was implanted in plaintiff's hip in Spain, and the alleged defect in the implant

and injury to plaintiff were discovered during subsequent surgery on plaintiff's hip in Rhode Island. The facts show that the only connection between plaintiff's cause of action and the Commonwealth of Massachusetts is that the person who suffered the injury presently resides here. This, standing alone, is certainly insufficient to establish jurisdiction under § 38. *See Caso v. Lafayette Radio Electronics Corp.,* 370 F.2d at 711–12.

For these reasons, I rule that this Court does not have jurisdiction over defendant Zimmer and, therefore, defendant's motion to dismiss should be allowed.

Order accordingly.