**Randall S. HOWSE, Plaintiff,**

v.

**ZIMMER MANUFACTURING INC., Defendant.**

Civ. A. No. 84–121–C.

United States District Court, D. Massachusetts.

March 12, 1986.

Mark L. Donahue, Richard E. Blumsack, Somerville, Mass., for plaintiff.

Robert S. Kutner, Casner, Edwards & Roseman, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which the plaintiff, Randall S. Howse, seeks to recover damages for injuries suffered by him due to the alleged negligence and breach of warranty of the defendant, Zimmer Manufacturing, Inc. ("Zimmer"). The matter is now before this Court on the defendant's motion to dismiss for insufficiency of service of process and for failure to answer interrogatories.

Plaintiff commenced this suit in the Middlesex Superior Court for the Commonwealth of Massachusetts on December 28, 1983, pursuant to chapter 223 of the Massachusetts General Laws.[1] On December 30, 1983, the plaintiff amended his complaint, as of right, changing the basis for personal jurisdiction over Zimmer from chapter 223 to chapter 223A, the Massachusetts "long-arm statute."[2] In accordance with the methods for service of process authorized under chapter 223A, the plaintiff sent a copy of the summons, complaint, and amended complaint to Zimmer in Indiana by registered mail. *See* Mass.Gen. Laws Ann. ch. 223A, § 6. Zimmer acknowledges that it received the summons and complaints on January 3, 1984. Two weeks later, the defendant properly removed the action to this Court, asserting subject matter jurisdiction based on diversity of citizenship.

After removal of the action, the defendant did not file an answer; instead, counsel for the defendant filed an appearance on behalf of the defendant, together with a motion to dismiss for lack of personal jurisdiction and insufficiency of process. On June 20, 1984, 586 F.Supp. 915, this Court allowed both the plaintiff's motion to amend his complaint to change the basis

---

1. Chapter 223 of the Massachusetts General Laws includes, *inter alia*, the Massachusetts rules for commencement of actions and service of process. Section 38 of chapter 223 provides:
   In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general, instead of upon the state secretary under section fifteen of chapter one hundred and eighty-one.

2. The Massachusetts long-arm statute provides, in pertinent part, that:

   A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
   (a) transacting any business in this commonwealth;
   (b) contracting to supply services or things in this commonwealth;
   (c) causing tortious injury by an act or omission in this commonwealth;
   (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth; ....
   Mass.Gen.Laws Ann. ch. 223A, § 3.

for personal jurisdiction over Zimmer back to chapter 223, and the defendant's motion to dismiss for lack of personal jurisdiction. On appeal, the Court of Appeals for the First Circuit, 757 F.2d 448, found that the defendant was "doing business" in Massachusetts and that therefore the Court has personal jurisdiction over Zimmer under Mass.Gen.Laws Ann. ch. 223, § 38. The case was remanded to this Court for further proceedings.

■ Following remand of the case, the defendant renewed his motion to dismiss for insufficiency of service of process. The defendant correctly asserts that it was not properly served pursuant to chapter 223, section 38, of the Massachusetts General Laws. Service of process on foreign corporations for actions taken pursuant to section 38 is to be made in accordance with section 37 of chapter 223. Section 37 provides for service upon the president, treasurer, clerk, resident agent appointed by the corporation pursuant to Massachusetts law, cashier, secretary, agent or other officer in charge of its business, or, if no officer is found within the county, upon any member of the corporation. Mass.Gen. Laws Ann. ch. 223, § 37. Unlike the long-arm statute, chapter 223 does not provide for service by registered mail.

■ When the plaintiff, prior to removal of the action to this Court, served process on the defendant via registered mail, that method of service was proper under Massachusetts state law because the amended complaint, the complaint then in effect, alleged in good faith personal jurisdiction under the Massachusetts long-arm statute. Such service would not have been proper if the then viable complaint had alleged jurisdiction pursuant to chapter 223. *See Kagan v. United Vacuum Appliance Corp.,* 357 Mass. 680, 684–85, 260 N.E.2d 208 (1970). The question for this Court is whether the original service is still valid when, following removal of the case, this Court allowed the plaintiff to again amend his complaint to re-assert jurisdiction under section 223. Amendments to complaints relate back to the original date

of filing. Fed.R.Civ.P. 15(c). Consequently, the complaint as it now reads was not properly served.

■ When process served is found to be defective after removal of a case from a state court, new process may issue in the same manner as in cases originally filed in the federal district court. 28 U.S.C. § 1448; *Freight Terminals, Inc. v. Ryder System Inc.,* 461 F.2d 1046, 1052 (5th Cir. 1972). Service of process that is technically incorrect does not warrant dismissal where the defendant has received actual notice in time to preserve its rights and the character of the irregularity does not affect the validity of the judicial proceeding. *Berhalter v. Irmisch,* 75 F.R.D. 539, 540 (W.D.N.Y.1977). It serves no useful purpose for a court to dismiss a case, only to have it refiled and re-served, unless it is clear that service cannot ever be effectively made. *See William I. Horlick Co. v. Bogue Electric Mfg. Co.,* 140 F.Supp. 514, 515 (D.Mass.1956).

■ In this case, the defendant concedes that it received notice of the plaintiff's action and does not claim to have been prejudiced by the method of service of process used. Neither party asserts that the plaintiff will not be able to properly serve the defendant. Therefore, I rule that the motion to dismiss for insufficiency of service should be denied at this time. I also rule, however, that the plaintiff should re-serve the defendant pursuant to Fed.R. Civ.P. 4, which is similar to Mass.Gen.Laws Ann. ch. 223, § 37.

■ Turning to the motion to dismiss for failure to comply with the Court's discovery order, I rule that the motion should be denied at this time. The Court has before it plaintiff's motion to extend time for answering interrogatories. I note that these interrogatories were first propounded on January 27, 1984, and that on September 20, 1985 this Court ordered the plaintiff to answer within thirty days. The plaintiff asserts that the delay has been unavoidable, caused by problems incurred in obtaining medical records from foreign

jurisdictions. In light of the fact that this action was filed over two years ago, I rule that the plaintiff must file full and responsive answers to defendant's requests within 30 days from the date hereof, in default of which this case stands dismissed.

Order accordingly.