**John V. LENNON, Plaintiff,**

v.

**Kevin MCCLORY and S.P.E.C.T.R.E. Corporation, Defendants.**

**No. Civ. A. 96–2652 (PLF).**

United States District Court, District of Columbia.

March 27, 1998.

John V. Lennon, Cork, Republic of Ireland, pro se.

Kevin McClory, Washington, DC, pro se.

## MEMORANDUM OPINION

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendants' renewal of their motion to quash service of process and plaintiff's response. Both plaintiff, a resident of the Republic of Ireland, and defendant are proceeding *pro se* in this matter.[1]

Plaintiff claims that defendants Kevin McClory and S.P.E.C.T.R.E. Corporation, of which McClory is president, intended to defraud the plaintiff with respect to a copyright. The basis for this claim is a contract between plaintiff and defendants that allegedly entitles plaintiff to one-third of the proceeds for use of defendants' copyright. Plaintiff seeks a declaratory judgment, stating that he is entitled to a one-third ownership interest and one-third of the proceeds generated by the copyright. He also seeks an order directing S.P.E.C.T.R.E. to issue stock to him and injunctions restraining defendants from entering into contracts regarding the copyright or dispersing any assets generated from the copyright's use or sale. In addition, plaintiff seeks costs and attorneys' fees.

On February 7, 1997, defendants moved to quash service on grounds that they were never served properly with the summons and complaint; they also asked for an extension of time to file an answer. On June 3, 1997, the Court granted defendants' motion for an extension of time to file an answer and directed plaintiff to examine Rule 4 of the Federal Rules of Civil Procedure regarding of service. *See* Order of June 3, 1997. On June 25, 1997, defendants renewed their motion to quash service. On July 23, 1997, the Court set a date for plaintiff to respond to defendants' renewed motion to quash and again reminded plaintiff to examine Rule 4 of the Federal Rules of Civil Procedure as to the proper methods of service. *See* Order of July 23, 1997.

According to Rule 4(e) of the Federal Rules of Civil Procedure, service can be effected on an individual either "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or in accordance "with the law of the state in which the district court is located." Rule 4(e), Fed.R. Civ.P. Plaintiff does not allege that he has served Mr. McClory personally or that he has left, or has caused his agent to leave, a copy of the summons and complaint at Mr. McClory's home. The Court therefore must refer to the law of the District of Columbia to evaluate whether service of process was sufficient.

Rule 4(e)(1) of the District of Columbia Rules of Civil Procedure allows for service of process by means of registered or certified mail as provided by Rule 4(c)(3) of the District of Columbia Rules of Civil Procedure. That Rule requires that if the return receipt is signed by a person other than one named on the summons, the signer must "[meet] the appropriate qualifications for receipt of process set out in subdivisions (e) through (j)." Rule 4(1)(2), D.C. R. Civ.P. These requirements mandate that the person accepting service be "some person of suitable age and discretion then residing [in the individual's abode]." Rule 4(e)(2), D.C.R. Civ.P.

Plaintiff has submitted an affidavit of service along with copies of the return receipt. The signature on the receipt does not appear to be Mr. McClory's, however, and it is more likely that of Nripen Sakar, the receptionist at the building in which Mr. McClory allegedly lives. *See* Plaintiff's Motion to Refuse Defendant's Renewal of Motion to Quash Service at 4–5. Mr. Sakar's signature, however, does not satisfy the requirements of Rule 4(e)(2) of the District of

---

1. A corporation cannot represent itself and cannot appear *pro se.* It must be represented by counsel or it will be treated as not having appeared at all, and default judgment may be entered against it. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (corporation may only appear in federal court through licensed counsel). If there is no jurisdiction over a corporation or if it has not been served properly, or course, the complaint against it may be dismissed *sua sponte. See* Rule 12(h)(3), Fed.R. Civ.P.

Columbia Rules of Civil Procedure since the receptionist does not reside in defendant's dwelling. *Cf. Nelson v. Swift*, 271 F.2d 504, 505 (C.A.D.C.1959) (quashing of service was appropriate where service was effected on apartment manager who was not authorized by law to accept it since he did not reside inside defendant's dwelling). It appears, therefore, that Mr. McClory has not yet been properly served.

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, service upon a corporation must be done "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process." Rule 4(h)(1), Fed.R. Civ.P. Plaintiff does not allege that he delivered a copy of the summons and complaint to "an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process," and he therefore must establish that he served the corporation "in the manner prescribed for individuals by subdivision (e)(1)." Rule 4(h)(1), Fed.R. Civ.P.

■ As noted above, Rule 4(e)(1) of the Federal Rules of Civil Procedure permits a plaintiff to serve a corporation under the law of the state in which the district court sits or in which service was effected. Rule 4(e)(1) of the District of Columbia Rules of Civil Procedure allows plaintiff to serve defendant by means of registered or certified mail as provided by Rule 4(c)(3) of the District of Columbia Rules of Civil Procedure. When service is by registered or certified mail, Rule 4(1)(2) of the District of Columbia Rules of Civil Procedure requires that the return receipt be signed by one of the individuals authorized to do so in Rule 4(h)(1) of the District of Columbia Rules of Civil Procedure. While plaintiff claims that he mailed a copy of the summons and complaint to the Secretary of the Commonwealth Corporation Division of the Commonwealth of Massachusetts, this is not sufficient under Rule 4(h)(1) of the District of Columbia Rules of Civil Procedure because the Secretary of the Corporation Division is not one of the individuals authorized to receive service under the rule. *See* Rule 4(h)(1), D.C.R. Civ.P.

■ Since Rule 4(e)(1) of the Federal Rules of Civil Procedure also allows for service in accordance with the laws of the forum in which service was effected, the Court must also look to Massachusetts law to determine the propriety of service. Under Massachusetts law, service is not permitted by certified or registered mail. *See* MASS. GEN. LAWS ANN. ch. 223, § 37 (West 1985); *Howse v. Zimmer Mfg. Inc.*, 109 F.R.D. 628, 631 (D.Mass.1986) (MASS. GEN. LAWS ANN. ch. 223, § 37 does not provide for service by registered or certified mail). Mr. McClory therefore has failed to serve S.P.E.C.T.R.E. in accordance with federal, District of Columbia or Massachusetts law.

■ Plaintiff has also failed to allege a valid ground for this Court's jurisdiction. Liberally construed, plaintiff's complaint alleges that this Court has jurisdiction under 28 U.S.C. § 1338 which provides that "[t]he district courts shall have original jurisdiction of any civil action asserting a claim arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." *See* Complaint at ¶ 2. While federal courts have exclusive jurisdiction over copyright cases under this provision, a federal court does not have jurisdiction over the matter if it is merely a contract dispute involving ownership of a copyright as opposed to a case involving the actual infringement of the copyright under the federal Copyright Act. *See Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 931 (2d Cir. 1992); *Keith v. Scruggs*, 507 F.Supp. 968, 970 (S.D.N.Y.1981); 13B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3582 (1985). Plaintiff has made no allegations of copyright infringement in this case, and the Court therefore does not have jurisdiction pursuant to 28 U.S.C. § 1338.

■ In addition, plaintiff's request for declaratory judgment does not provide jurisdiction for the action because it is simply a request for declaratory judgment concerning the ownership of a copyright rather than a request for declaratory judgment pertaining to the copyright's validity or allegations regarding its infringement. *See Muse v. Mellin*, 212 F.Supp. 315, 318 (S.D.N.Y.), *aff'd,*

339 F.2d 888 (2d Cir.1964) ("This is simply a declaratory judgment action between one [copyright] assignee against another assignee of the same one-third interest to determine the [copyright] ownership of the elusive one-third. Of such actions, the federal courts lack jurisdiction.").

Plaintiff also alleges diversity jurisdiction, but he has failed to set out the requisites for invocation of this Court's diversity jurisdiction. He has failed even to allege an amount in controversy as required by 28 U.S.C. § 1332.

For all of these reasons, the complaint in this case will be dismissed, but without prejudice, pursuant to Rule 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure.

SO ORDERED.

### ORDER

Upon consideration of the motions filed by the parties, and for the reasons stated in the Court's Memorandum Opinion issued this same day, it is hereby

ORDERED that the case is dismissed without prejudice pursuant to Rule 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure; and it is

FURTHER ORDERED that defendant's motion to quash service is DENIED as moot.

SO ORDERED.