EDNA JAMES LUCE *vs.* COLUMBIA RIVER PACKERS
ASSOCIATION.

ELLA MARIA HATHAWAY *vs.* SAME.

CAROLYN MAY LUCE *vs.* SAME.

JAMES LUCE, administrator, *vs.* SAME.

JAMES LUCE *vs.* SAME.

Hampden.    September 21, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Service of writ, Order of notice.

It was proper to dismiss, because of insufficient service, an action against
a corporation alleged in the writ to be "duly organized under the laws
of" another State and to have "a usual place of business" in a city
in this Commonwealth, where the officer's return stated that he had
"attached a chip as the property of the" defendant and had sum-
moned it by delivering a summons to a certain person, treasurer of
another firm or corporation "said to be the agent for" the defendant,
and that "Said service was made in this manner by direction of the
plaintiff's attorney."

After the dismissal of the action above described, the plaintiff filed a
motion that an order of notice be issued for further service under
G. L. (Ter. Ed.) c. 223, § 84.   The motion was denied, and the plaintiff
alleged an exception.  *Held,* that

(1) Action on the motion was discretionary and not subject to
exception;

(2) There was nothing in the record to indicate that the provisions
of G. L. (Ter. Ed.) c. 227, § 7, were applicable.

FIVE ACTIONS OF CONTRACT OR TORT.   Writs dated Novem-
ber 17, 1932.

Motions to dismiss were heard by *Dillon,* J., and were
granted.   Motions for supplementary process were thereafter
filed, and action thereon is described in the opinion.   The
plaintiffs alleged exceptions.

The case was submitted on briefs.

*B. F. Evarts, J. Richmond & M. Richmond,* for the
plaintiffs.

*W. T. Snow,* for the defendant.

Rugg, C.J.   These are five actions brought against the Columbia River Packers Association.   In the writ in each case the defendant is described as "a corporation duly organized under the laws of Oregon and having a usual place of business in Boston, State of Massachusetts." The sheriff's return, dated at Boston, was identical in all the cases and so far as material was in these words: "By virtue of this writ, I this day attached a chip as the property of the within named defendant corporation Columbia River Packers Association and afterwards on the same day summoned it to appear and answer at Court as within directed by delivering to J. E. Ames Treasurer of Charles A. Baldwin & Company said to be the agent for Columbia River Packers Association summons together with an attested copy of this writ.   Said service was made in this manner by direction of the plaintiff's attorney."   In each case the defendant, appearing specially for that purpose only and without submitting otherwise to the jurisdiction of the court, moved that the action be dismissed because no sufficient service of the writ had been made on the defendant for the reason that it did not appear that the one upon whom the writ was served was the agent or other officer of the defendant in charge of its business.   The motion was allowed in each case.   Plainly that was required by law.   The service was insufficient.   *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 253, 254. *United Drug Co.* v. *Cordley & Hayes,* 239 Mass. 334, 337.

Thereafter the plaintiff in each case filed a motion that an order of notice be issued for further service.   This motion was denied and the plaintiffs excepted.   No evidence or further facts are stated in the exceptions.   This motion is manifestly framed under G. L. (Ter. Ed.) c. 223, § 84. Whether further process shall issue under that section is within the discretion of the judge, to the exercise of which no exception lies.   *Baker* v. *Copeland,* 140 Mass. 342.

The plaintiffs rely upon G. L. (Ter. Ed.) c. 227, § 7: "If a defendant in an action in the supreme judicial or superior court is absent from the commonwealth or his residence is unknown to the officer serving the writ, and no

personal service has been made on him or his agent appointed under section five, or if the service of a writ is defective or insufficient by reason of a mistake of the plaintiff or officer as to where or with whom the summons or copy ought to have been left, the court, upon suggestion thereof by the plaintiff, shall order the action to be continued until notice of the action is given in such manner as it may order. If the property of an absent defendant has been attached and the residence of such defendant is known to the plaintiff and no legal service can be made upon him within the commonwealth, except by publication, the court may order personal service to be made on him in such manner as it may direct and, upon proof that service has been so made, such defendant shall be held to answer to the action. If the defendant does not appear, the court may order the action continued and further notice given to him in such manner as it may direct." There is nothing in the record to indicate that the cases at bar come within the terms of that section. For aught that appears the judge may have been satisfied that the facts therein recited as basis for action did not exist. *Lowrie* v. *Castle*, 198 Mass. 82. The decision in *McCarty* v. *Boyden*, 275 Mass. 91, affords the plaintiff no support on the facts here disclosed. Moreover, the plaintiffs did not file their motions until after the motions to dismiss had been granted.

In each case the entry may be

*Exceptions overruled.*