Rollins, J.
This is an action of contract upon a promissory note in the principal sum of $5000. Action was begun by trustee writ dated July 13, 1940 and returnable August 3, 1940.
On the last mentioned date the writ together with the declaration was duly entered and the trustee filed an answer admitting funds in the amount of $412.55.
The officer’s return of service on the writ disclosed only that he made due service of the writ upon the trustee. There is no return of service or attempted service upon the defendants.
On September 17,1940, the defendants filed a special appearance and motion to dismiss for the reason that no due and proper service was made upon them. This motion was *127 marked for hearing for September 23,1940. ■ At the'close of the hearing on this motion, the plaintiff filed á motion for an Order of Notice.
The trial Court denied the motion to dismiss and allowed the motion for an Order of Notice.
The defendants claimed to be aggrieved by these interlocutory orders and the trial judge, being of opinion that such interlocutory orders ought to be reviewed by the Appellate Division before further proceedings in the trial Court, reported the same to this Court for determination.
The issues raised in the instant case are governed by the provisions of General Laws Chapter 223, Section 84, which, so far as pertinent, are as follows:
“If the service of a writ ... is defective or insufficient, the Court, ... to which it is returnable may, upon motion of the plaintiff . . ., issue further . . . processes and orders . . .; and upon due service thereof, the Court . . ., shall thereby acquire the same jurisdiction of the subject and of the parties as it would have obtained if such service had been made in pursuance of the original writ ...”
It is clear that if the judge had power to act under the statute, his exercise of discretion in allowing the motion for an Order of Notice is not reviewable. Baker v. Copeland, 140 Mass. 342, Luce v. Columbia River Packers Association, 286 Mass. 343, 344.
The defendant’s counsel contends, however, that the trial judge had no power to take action under the statute, because, in the instant case, the service of the writ was not “defective” nor “insufficient.” He urges this upon the ground that it appears not only that there was no service of the writ upon the defendants or either of them, but that there is no evidence that any attempt was made to make any such service. He argues that the service was not “defective” *128 or “insufficient” but was entirely lacking.
We are unable to agree with these contentions.
It is evident there was some service of the writ. It was duly served upon the trustee, who in proper time answered “funds.”
The service of the writ was “defective” and “insufficient” in that there was no service on the two defendants. The decisions cited by the defendants were upon facts distinguishable from those of this case.
The trial judge acted rightly under the statute.
There was no error and the Report is dismissed.