*Western District*

No. 9998.

### GEORGE GAUDETTE

v.

### SCHIFF CONSTRUCTION CORP.

Argued: Mar. 18, 1969  Decided: Apr. 16, 1969

*Present*: Garvey, P.J., Moore, Allen, J.J.

Case tried to *O'Connor, J.* in the District Court of Eastern Hampden    No. 9998.

*Allen, J.* In this action of contract the plaintiff, a resident of the Town of Holland, seeks to recover for work performed for and materials furnished to the defendant corporation, described as having its principal place of business in Quakertown, Pennsylvania. It appears that the defendant was engaged to construct a warehouse in Holland for the storage of automobiles.

The report states "The plaintiff served the defendant by service in the said Town of Holland on one David Dorman, an employee of the defendant corporation".

The defendant filed a plea in abatement, in which it denied it was "doing business" in the Commonwealth and also attacked the sufficiency of the service. The plea was allowed and the plaintiff claimed a report.

It could be found that the defendant was a

foreign corporation doing business in the Commonwealth.[1] We assume (it is not specifically so stated in the report) that the defendant had not appointed the Secretary of State, G.L. c. 181, § 3 its attorney for the service of process. If the plaintiff had chosen to effect service by serving the Secretary of State as provided in this situation by the provisions of G.L. c. 181, § 3A, there presumably would be no problem. Instead it chose to attempt to serve "an agent or other officer in charge of its business" under G.L. c. 223, §§ 37 and 38.

To have valid service on an agent of a corporation it must appear that the agent was "in charge of its business". *Luce* v. *Columbia River Packers Association*, 286 Mass. 343, 344. *United Drug Company* v. *Cordley and Hayes*, 239 Mass. 334, 337-338.

The return of service in the case under consideration did not state on the officer's return that the employee upon whom service was made was "in charge of its business". Service on an employee not in charge of its business is not authorized. **The report is to be dismissed.**

JOHN J. O'SHAUGHNESSY
of Southbridge for the defendant.

THOMAS J. O'CONNOR
of Springfield for the plaintiff.

----

[1] See now the "Long Arm Statute", G.L. c. 223A enacted in 1968.