SIDNEY J. KAGAN, trustee in bankruptcy, *vs.* UNITED
VACUUM APPLIANCE CORPORATION.

Suffolk.   January 6, 1970. — June 16, 1970.

Present: WILKINS, C.J., KIRK, SPIEGEL, & REARDON, JJ.

*Jurisdiction*, Nonresident, Under long-arm statute.   *Statute*, Effective
date, Long-arm statute, Retroactive statute.   *Constitutional Law*,
Referendum.   *Equity Jurisdiction*, Under long-arm statute.   *Equity
Pleading and Practice*, Service of process.   *Words*, "Cause of action."

The long-arm statute, G. L. c. 223A, inserted by St. 1968, c. 760, "re-
lates to . . . the powers . . . of courts" within art. 48, The Refer-
endum, III, § 2, of the Amendments of the Massachusetts Constitution,
and could not be made the subject of a referendum and became effec-
tive under G. L. c. 4, § 1, on the thirtieth day after enactment.   [682]
A "cause of action" to which the long-arm statute, G. L. c. 223A, in-
serted by St. 1968, c. 760, refers in § 3 embraces causes in equity.
[682–683]
The long-arm statute, G. L. c. 223A, inserted by St. 1968, c. 760, making
the doing of certain acts by a nonresident the basis of jurisdiction
over him of the courts of Massachusetts, is remedial, and it applied
retroactively to a cause of action accruing prior to its enactment.
[684]
Service of process upon the defendant named in a bill in equity as United
Vacuum Appliance Corporation of Connersville, Indiana, by registered
mail addressed merely, as shown by the receipt, to "United Vacuum
Appliance, Connersville, Indiana," did not violate the requirement of
G. L. c. 223A, § 6 (a), of service "reasonably calculated to give actual
notice" of the proceeding.   [684–685]
Service of process in a suit in equity in Massachusetts upon a foreign
corporation under G. L. c. 223A, § 8; c. 223, § 38, by service outside
Massachusetts on an individual not designated in c. 223, § 37, was
invalid.   [685]

BILL IN EQUITY filed in the Superior Court on October 28,
1968.

The suit was heard by *Good*, J., on an answer in abate-
ment and a plea to the jurisdiction.

*Samuel Newman* for the plaintiff.

*Mark A. Michelson* for the defendant.

WILKINS, C.J. The plaintiff, the trustee in bankruptcy of D. C. Industries, Inc. (Industries) of Boston, on October 28, 1968, filed this bill in equity for declaratory relief against the defendant United Vacuum Appliance Corporation (Vacuum) of Connersville, Indiana. He seeks an interpretation of a contract of conditional sale of certain equipment purchased of the defendant by the bankrupt. A judge of the Superior Court, after hearing, sustained an answer in abatement and plea to the jurisdiction, and dismissed the bill. The plaintiff appealed. There are no findings. The evidence is reported.

Jurisdiction, according to the bill, is sought under G. L. c. 223A, inserted by St. 1968, c. 760, the long-arm statute, on the ground that the defendant corporation has transacted business in this Commonwealth and has contracted to supply services and things in this Commonwealth as set forth in a contract of conditional sale of certain equipment dated October 26, 1966, between Industries and Vacuum. An involuntary petition in bankruptcy was filed on April 23, 1968, and Industries was adjudicated bankrupt. Thereafter Vacuum entered the premises of Industries in Everett and repossessed the equipment set forth in the contract of conditional sale.

The defendant, appearing specially, filed the answer in abatement and plea to the jurisdiction making the following allegations. It is not doing and never has done business in this Commonwealth. It has no property, real or personal, and no place of business here. It never has authorized any person to act as agent for service of process here. It has no agent or other officer in charge of its business and has never registered to do business here. It has not contracted to supply services and things in this Commonwealth. Its activities do not come within the scope of G. L. c. 223A. The activities alleged by the plaintiff all took place before the effective date of G. L. c. 223A.

The defendant raises numerous defences, many of which raise questions as to jurisdiction under the statute or to the service of process. We consider many of these.

1. Fundamentally, the defendant contends that G. L. c. 223A became effective after the suit was filed, specifically on October 23, 1968. The statute was inserted by St. 1968, c. 760, which was approved on July 25, 1968. The argument is that it did not become effective until ninety days after enactment because of art. 48, The Referendum, I, of the Amendments to our Constitution, which provides: "No law passed by the general court shall take effect earlier than ninety days after it has become a law, excepting laws declared to be emergency laws and laws which may not be made the subject of a referendum petition, as herein provided." Statute 1968, c. 760, comes within the exception; it is a law which "relates to . . . the powers . . . of courts" and cannot be made the subject of a referendum. Art. 48, The Referendum, III, § 2. See *Commonwealth* v. *Sacco*, 255 Mass. 369, 411 (statute extending time for granting a new trial). A law not subject to a referendum falls within G. L. c. 4, § 1, and is effective on the thirtieth day after enactment. In other words, c. 760 became effective on August 24, 1968, before the filing of the present suit.

2. The defendant takes the position that the long-arm statute as in effect when suit was begun did not embrace suits in equity. The basis of the argument is that c. 223A, § 3, reads, "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a *cause of action* arising from the person's (a) transacting business in this commonwealth . . . ." (italics supplied). From this it is argued that "cause of action" has acquired a technical meaning of referring to only actions at law, citing *Gould's Case*, 215 Mass. 480, 482. We do not agree that this restrictive interpretation is required. "'Cause of action' is a comprehensive expression and may have somewhat variant significations. It ought not to be narrowed by attempts at definition. It includes violation of a right or breach of a duty for which the law provides a remedy in the courts. It is the specified subject made the basis of controversy in legal procedure. It is for all purposes of a particular proceeding in court that which is declared in the pleadings as

the ground of liability." *Shapiro* v. *McCarthy*, 279 Mass. 425, 430. See *Jordan* v. *County Commrs. of Bristol*, 268 Mass. 329, 332.

We do not regard as decisive the amendment of c. 223A, § 3, by St. 1969, c. 623, which inserted the words, "in law or equity" after "cause of action" in the quotation, *supra.* The same construction would have been reached before the amendment.

3. A broader contention of the defendant is that c. 223A should not be applied retroactively. In *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3, Chief Justice Rugg stated: "The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations. Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." There are now many decisions in this Commonwealth holding that cases dealing with the remedy are retrospective. Examples of these are *Ring* v. *Woburn*, 311 Mass. 679, 682, *Greenaway's Case*, 319 Mass. 121, 123, *Berkwitz, petitioner*, 323 Mass. 41, 47, *Goddu's Case*, 323 Mass. 397, 399, *Attorney Gen.* v. *Flynn*, 331 Mass. 413, 415, *Lindberg* v. *State Tax Commn.* 335 Mass. 141, 143, and *Welch* v. *Mayor of Taunton*, 343 Mass. 485, 486.

The question then becomes whether the long-arm statute is remedial and does not affect substance. In *Paraboschi* v. *Shaw*, 258 Mass. 531, the statute made the operation of an automobile on our highways by a nonresident equivalent to an appointment of the registrar of motor vehicles as agent for the service of process in certain circumstances. This

contractual obligation was held to be substantive and not retrospective.   The long-arm statute, however, is not based on implied consent.   Upon analysis, what it does is to make the doing of certain acts the basis of jurisdiction over a nonresident.   This type of statute which is not based on assumed consent has consistently been held to be remedial and has been applied to a cause of action accruing prior to its enactment.   See *Safeway Stores* v. *Shwayder Bros.* 238 Ark. 768, 771;  *Hoen* v. *District Court of Arapahoe County*, 159 Colo. 451, 457;  *Carvette* v. *Marion Power Shovel Co.* 157 Conn. 92, 96, 98;  *Woodring* v. *Hall,* 200 Kans. 597, 604–605; *Simonson* v. *International Bank*, 14 N. Y. 2d 281, 290; 19 A. L. R. 3d 138.

"These statutes do not create new wrongs, they merely let local courts reach farther for personal jurisdiction over those who have committed established wrongs." *Kilbreath* v. *Rudy*, 16 Ohio Official 70, 72 (Sup. Ct.).   Cases based on implied consent have been distinguished.   *Nelson* v. *Miller*, 11 Ill. 2d 378, 383.   *Chovan* v. *E. I. DuPont De Nemours & Co.* 217 F. Supp. 808, 811 (E. D. Mich.).   See 19 A. L. R. 3d 138.

Our conclusion, in the light of the authorities, is that G. L. c. 223A is retrospective in operation.[1]

4. The defendant's next contention is that the service by registered mail did not meet the requirements of G. L. c. 223A, § 6 (a), which is:  "When the law of this commonwealth authorizes service outside this commonwealth, the service, when reasonably calculated to give actual notice, may be made: . . . (3) by any form of mail addressed to the person to be served and requiring a signed receipt . . . ."

Attached to the return of service, filed November 12, 1968, which is under oath of counsel, there is a copy of the receipt for the registered mail showing that it was addressed

[1] That the Massachusetts long-arm statute is retrospective has been expressly so held in *Diamond Crystal Salt Co.* v. *P. J. Ritter Co.* 419 F. 2d 147 (1st Cir.).

to "United Vacuum Appliance, Connersville, Indiana." No explanation has been offered as to why this address in Connersville was confusing or unlikely to reach the intended addressee. It is precisely the same address (without street or number) printed at the top of the various letters of the defendant to the plaintiff which are in evidence. We are unable to say that the address used was not reasonably calculated to give actual notice.

5. Another contention of the defendant is that service of process was inadequate under G. L. c. 223A, § 8, which provides, "When the law of this commonwealth requires that in order to effect service one or more designated individuals be served, service outside this commonwealth under this chapter shall be made upon the designated individual or individuals."

Service on foreign corporations is provided by G. L. c. 223, § 38, as appearing in St. 1939, c. 451, § 61. This provides, "In an action against a foreign corporation . . . which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the preceding section [§ 37] relative to service on domestic corporations in general . . . ."

The preceding section, § 37, as amended through St. 1965, c. 685, § 56, provides in pertinent part: ". . . In an action against a domestic corporation . . . service shall be made upon the president, treasurer, clerk . . . cashier, secretary, agent or other officer in charge of its business . . . ."

The statutes cited require service upon one of these designated individuals. This was not done. We are of opinion that this objection is well taken, and that for this reason the service was invalid.

6. Since we have held the service invalid in point 5, *supra,* the interlocutory decree sustaining the answer in abatement and plea to the jurisdiction was correct and is affirmed. However, by our order, the plaintiff has been given leave to apply seasonably in the Superior Court for

authorization to make a further and proper service on the defendant. To permit any further proceedings, the final decree dismissing the bill is reversed.

*So ordered.*