*Southern District*
No. 79
**THE HOLLISTON MILLS, INC.**
v.
**PLIMPTON CORPORATION**

Argued: Mar. 21, 1974 - Decided: July 31, 1974

*Present:* Murphy, P.J., Prince and Tamkin, JJ.

Case tried to *Rider, J.* in the District Court of Northern Norfolk.

**Tamkin, J.** This is an action of contract, instituted by writ dated June 5, 1973 and returnable on July 2, 1973, to recover $33,245.37 for rent. On June 5, 1973, defendant's real estate in the County of Norfolk was attached. On June 14, 1973, a deputy sheriff made a chip attachment of the defendant corporation's property and summoned it to appear and answer at court by leaving two summons and two attested copies of the writ together with the statutory fee of $2.00 at the office of the Secretary of the Commonwealth.

An answer in abatement, a motion to dismiss, and a motion to dissolve real estate attachment were filed by the defendant.

At the hearings on the answer in abatement and the motion to dismiss and the motion to dissolve real estate attachment, there was evidence tending to show that:

The defendant is a Delaware corporation doing business in Massachusetts.

The Foreign Corporation Certificate of the defendant corporation, filed with the Secertary of the Commonwealth on April 9, 1970, states: "The name and address of the person to whom notice and copies of legal process served on the Secretary of the Commonwealth are to be sent is Bernard W. Nussbaum, Room 3410, 230 Park Avenue, New York, New York."

During the months of June through September, 1973, the defendant was doing business in Massachusetts and maintained a plant, offices and real estate in Norwood, Massachusetts, which were owned by the defendant.

During the months of June through September, 1973, the defendant was served in other actions in this court[1] at its place of business in Norwood.

The defendant had no knowledge of the real estate attachment prior to June 5, 1973.

On June 14, 1973 the plaintiff served its writ upon the Secretary of the Commonwealth. Pursuant to the aforesaid service, the Secretary

---

[1] The trial court.

issued an affidavit of compliance, dated September 10, 1973, and filed in court on September 11, 1973, which states that "on June 14, 1973 notice and copy of such process were forwarded, pursuant to G.L. c. 181, § 4, to Plimpton Corporation, c/o Bernard W. Nussbaum, 230 Park Avenue, Room 3410, New York City, New York."

On August 14, 1973 this court issued an order of notice which states in part:

"and it appearing to the Court by the suggestion of the plaintiff and on inspection of the officer's return on the plaintiff's writ that no personal service of said writ has been made upon the defendant Plimpton Corporation:

"It is ordered by the Court, here, that the plaintiff give notice to the defendant Plimpton Corporation of the pendency of this action, and to appear before said Court on Monday, the seventeenth day of September, 1973, to answer to the same by serving it with a true and attested copy of this order fourteen days at least before said last named date, and that this action be continued to the said seventeenth day of September, 1973 for proof of compliance with this order."

Said order of notice was served upon the Secretary of the Commonwealth on August 23, 1973.

Pursuant to the service of the order of notice, the Secretary of the Commonwealth issued an affidavit of compliance dated September 13, 1973 and filed in court on September 17, 1973, which states that service, under c. 181, was mailed on August 23, 1973 to "Plimpton Corporation c/o Bernard W. Nussbaum, Clerk, 230 Park Avenue, Room 3410, New York City, New York," but was returned on September 4, 1973, marked "addressee unknown"; and that service was remailed on September 4, 1973 to the corporation address on its organization papers, 165 Lenox Street, Norwood, Massachusetts.

There was no return by an officer on either the writ or the order of notice to the effect that: "after diligent search, he can find no one upon whom he can lawfully make service . . ."

The report stated that it contained all the evidence material to the question reported.

The defendant claims to be aggrieved by the overruling in answer in abatement, the denial of its motion to dismiss and the denial of its motion to dissolve real estate attachment.

The issues raised by the defendant corporation in its answer in abatement, its motion to dissolve real estate attachment and its motion to dismiss are identical and read as follows:

"1. No service has been made upon the said defendant. G.L. c. 223, § 115A.

2. The said attachment was made without any prior notice to the defendant, and said attachment has deprived the defendant of its constitutional rights.

3. The plaintiff purported to make service on the defendant by service upon the Secretary of State, in contravention of G.L. c. 181, § 8, since a prerequisite for such service is the officer's return required under G.L. c. 223, § 37 and § 38.

4. Service has not been made on the defendant in accordance with G.L. c. 223A, § 6. *Kagan* v. *United Vacuum Appliance Corp.*, 357 Mass. 680, 260 NE 2d 208 (1970)."

### ANSWER IN ABATEMENT
### MOTION TO DISMISS

The answer in abatement is the proper pleading to be applied in the matter at bar, the District Court properly denied the motion to dismiss.

From an early date, the appropriate pleading device at law to raise a defense not apparent from the record has been a plea in abatement. *Simonds* v. *Parker*, 1 Met. 508, 511, *Haynes* v. *Saunders*, 11 Cush. 537, 538. *Paraboschi* v. *Shaw*, 258 Mass. 531, 532, 155 N.E. 445, 446. *Estey* v. *Director of Division of Employment Security*, 338 Mass. 797. Also see Volume 9 Massachusetts Practice, Civil Practice, c. 13, § 344, at page 295.

"A plea in abatement is appropriate when reliance is placed upon some fact outside the

record as to which evidence may be necessary."
*Tyler* v. *Boot & Shoe Workers Union,* 285 Mass.
54, 55.

The applicable portions of the statutes essential to the determination of the issues raised by the defendant corporation are (G.L. c. 181, §§ 3, #A, 4 and 8. G.L. c. 223, §§ 37 and 38).[2]

▐ Issue No. 1) No service has been made upon the said defendant. G.L. c. 223, § 115A.

G.L. c. 223, § 115A as amended by the St. 1972, c. 179, § 1 provides that: "If real property of the defendant is attached in any action and no service is made upon him, the attachment shall be dissolved unless it appears of record that notice of such action has been given to him, in such manner as the court order, within sixty (60) days after the entry of the action, or within such further time as the court may allow."

The writ was dated June 5, 1973 and was returnable on July 2, 1973. The defendant's real estate was attached on June 5, 1973 and service was made on the defendant corporation by serving the Secretary of the Commonwealth on June 14, 1973 in compliance with G.L. c. 181, § 4; on June 14, 1973 notice and copy of such process was forwarded, pursuant to G.L. c. 181, § 4 to Bernard W. Nussbaum, Room 3410, 230 Park Avenue, New York, New York.

---

[2] The above statutes were set forth in the opinion but have been eliminated by the reporter because of conservation of space.

Therefore, there has been compliance with the provisions of c. 223, § 115A.

Issue No. 2) The said attachment was made without any prior notice to the defendant, and said attachment has deprived the defendant of its constitutional rights.

The United States District Court for the District of Massachusetts in the matter of *Bay State Harness Horse Racing and Breeding Association, Inc.* v. *P.P.G. Industries, Inc. and Barry T. Hannon* in an opinion dated August 7, 1973 stated: "we limit the effect of the judgment ordered today (1) to the parties in the cases at bar, including parties in cases not heard orally but who have participated as *amici curiae* in the proceedings before the court . . . and (2) to the enforcement of Chapter 223, §§ 42, 62-66 which are similarly constitutionally challenged in cases now pending before the district judges in this District, and (3) to the prospective enforcement of Chapter 223, § 42, 62-66 insofar as these sections deny parties notice and opportunity to be heard prior to the making of attachments of their real estate, from the time of the filing of the order entered herewith. This course is taken to avoid uncertainty and doubt that a retrospective judgment would cause upon the validity of all attachments of real estate made in civil actions now pending in the Massachusetts courts."

The plaintiff's attachment made on June 5, 1973 followed by notice served on the defendant's duly appointed "true and lawful attorney" for service of process is valid in that both the attachment and notice were made prior to the United States District Court's opinion dated August 7, 1973.

■ Issue No. 3) The plaintiff purported to make service on the defendant by service upon the Secretary of State, in contravention of G.L. c. 181, § 8, since a prerequisite for such service is the officer's return required under G.L. c. 223, § 37 and § 38.

We determine that the plaintiff has made service on the defendant corporation by service upon the Secretary of State in accordance with G.L. c. 181, § 8. There is no prerequisite for an officer's return under the provisions of c. 181, § 8.

■ Issue No. 4) Service has not been made on the defendant in accordance with G.L. c. 223A, § 6. *Kagan* v. *United Vacuum Appliance Corp.*, 357 Mass. 680, 260 NE 2d 208 (1970).

We consider the issue raised by the defendant's contention that service has not been made on the defendant in accordance with c. 223, § 6 to be waived in that the defendant has not directed argument to this issue in either its oral argument or in its brief.

G.L. c. 223, § 38 states "In an action against a foreign corporation . . . service may be made in accordance with the provisions of the pre-

ceding section . . . instead of . . . under Section 3 or Section 3A of Chapter 181.''

It is well established that service under G.L. c. 223, § 37 in an alternative procedure to service under the Secretary of State under G.L. c. 181, § 3, 3A and 8.

In *Canadian Pac. Rwy. Co.* v. *Sullivan,* 126 F.2d 433, 436, (1942) in construing G.L. c. 223, § 38, the Circuit Court of Appeals, First Circuit, stated: ''This statute provides an alternative method for service of process upon foreign corporations . . .''

In *Waltham Precision Inst. Co.* v. *McDonnell Aircraft Corp.,* 203 F. Supp. 539, 541, (1962) footnote 2. the United States District Court for the District of Massachusetts stated: ''Mass. G.L. c. 223, § 38, not involved in this case provides, an alternative method of service expressly applicable to foreign corporations soliciting business in Massachusetts.'' (an alternative method from c. 181, 3A.)

The Appellate Division of the Western District in *Gaudette* v. *Schiff Construction Corp.,* 41 Mass. App. Dec. 58, at page 60 (1969) stated: ''If the plaintiff had chosen to effect service by serving the Secretary of State as provided in this situation by the provisions of G.L. c. 181, § 3A, there presumably would be no problem. Instead it chose to attempt to serve ''an agent or other officer in charge of its business'' under G.L. c. 223, §§ 37 and 38.

In *Trojan Engineering Corp.* v. *Green Mt. Power,* 293 Mass. 377, 382 the Massachusetts Supreme Court stated: ''The defendant contends that, because the cause of action arose outside this Commonwealth and was not connected with business transacted here, our courts are without jurisdiction. The statute as to service upon foreign corporation, G.L. (Ter. Ed.) c. 223, §§ 37, 38, already quoted is unambiguous in terms. It is broad enough to include the case at bar. It does not restrict service on resident agents of foreign corporation to causes of action arising within the Commonwealth. In this respect, it is in marked contrast to G.L. (Ter. Ed.) c. 90, § 3A, and c. 181, § 3A, where service is restricted to causes of action arising within the Commonwealth. The relevant sections of said c. 223 apply more generally to all transitory causes of action against foreign corporations engaged in business in Massachusetts.''

11 Annual Survey of Massachusetts Law, § 21.2, Page 267 at Page 269 (1964), Personal Jurisdiction of Foreign Corporations, note 14 ''. . . A similarly concervative approach has been manifested relative to an alternative statutory method of obtaining jurisdiction over a foreign corporation.''

Also see 12 Annual Survey of Massachusetts Law, § 21.2, page 328 at page 329 (1965) Personal Jurisdiction Over Foreign Corporations.

Massachusetts Practice Series Volume 9, Civil Practice c. 8, § 208, page 205 at page 206: "In addition to service of process upon foreign corporations by service upon the Commissioners of Corporations (now Secretary of State), such service of process may be made by an alternative method."

We shall not discuss the possible issues raised by the "Order of Notice" of August 14, 1973 in that we consider "Possible Issues" to be "moot" in that we have already determined that the service of June 14, 1973 was good and proper.

We find that the judge was correct in overruling the defendant's answer in Abatement and in denying its motion to dismiss and in denying its motion to dissolve real estate attachment. There being no prejudicial error.

**The report is dismissed.**

ROBERT V. CAUCHON

for Plaintiff

BOWERS & FORTIER

for Defendant