*Muncipal Court of the City of Boston*

## No. 367819

# JOHN F. MURPHY

### v.

# HARPER HOTELS OF VERMONT

(Argued: January 31, 1975. Decided: June 3, 1975)

Case tried to *Glynn, J.*

Present: Canavan, J. (Presiding), Foster, Doerfer, JJ.

**Foster, J.** This is an action of tort and/or con-contract to recover for two bicycles stolen from his automobile at the defendant's place of business in

Portland, Maine, due to the alleged negligence and/or breach of contract of the agents, servants, or employees of the defendant.

The action was commenced by writ dated August 23, 1974, and returnable in the Municipal Court of the City of Boston on September 16, 1974. Service was made on the defendant under the provisions of G.L. c. 223A. Counsel for the plaintiff, under oath, filed an affidavit dated September 13, 1974, that he had sent by certified mail to the defendant, or its agent, Gustave H. Tillman, a summons, copy of writ and information concerning the details of the action. Counsel attached to his affidavit a copy of the return receipt signed "Holiday Inn Downtown (by) Patricia Street, August 26, 1974.█ The action was duly entered in the office of the Clerk of this court on the return date.

The defendant did not file an answer to the declaration. No default against the defendant was entered by the clerk in routine fashion as it would have been if service had been made by an authorized officer either in hand or at the last and usual place of abode within this Commonwealth.

It is the practice in this court to require plaintiffs, where service is made under the provisions of G.L. c. 223A, to bring a motion to default. In fact, the plaintiff did file a motion to default received on September 27, 1974, but he failed to pursue it in court. Thus, the case remained "open". On October 2, 1974, the clerk received from the defendant a motion to dismiss, marked up for a hearing on the motion session on October 17, 1974. The motion was heard by the justice in the motion session, reserved and then allowed.

The plaintiff was aggrieved by the allowance of the motion to dismiss the action. In support of his request

for a report, he contends that the motion to dismiss was not filed seasonably, citing Rule 13 of this court which provides that answers and other pleadings after the commencement of the action must be filed not later than Thursday, after the entry of the action, including motions to dismiss. He also contends that the justice erred by accepting in evidence an affidavit of an agent of the defendant making averments of fact to establish that it was not subject to the jurisdiction of this Commonwealth.

The plaintiff contends that the justice, by receiving the affidavit, went beyond the face of the pleadings and should not have considered the affidavit.

We are not persuaded that any of the plaintiff's contentions has any substantial merit. While it is true that the rules do require the filing of pleadings at a certain time, Rule 2 of this court provides that the court, in its discretion, may order or permit pleadings to be filed . . . at other times than are provided in the rules . . . We do not regard the action of the justice in the motion session who considered the motion to dismiss to be an abuse of discretion.

■■ We hold that if the plaintiff had acted on his motion to default the defendant and a default was entered, the clerk would not have accepted the defendant's motion to dismiss and, of course, it would not have been referred to the motion session. Thus, it could be found that the plaintiff "slept on his rights" and cannot now be heard to complain.

■■ With regard to the plaintiff's contention that the justice should not have accepted the defendant's affidavit and should have confined himself to the "record", we cannot concur in that view. The motion justice did not have to go beyond the initial pleadings to sustain the motion to dismiss, nor do we know what consideration, if any, the justice accorded the affidavit in deciding to dismiss the action.

On the face of the pleadings, the action was defective from its inception. In the first place the legal identity of the defendant is obscure. The defendant is described as "Harper Hotels of Vermont d/b/a Holiday Inn of Portland-Downtown". It is not described as a corporation, partnership or any other legal entity.

There is nothing in either the writ or declaration which would tend to place the defendant within the provisions of the so-called "long arm" statute, Chapter 223A.* There is no averment in the pleadings that the defendant, even if properly described, was engaged in any activities which would confer jurisdiction on this Commonwealth. The declaration, itself, alleges that the action of the defendant, whether in tort or breach of contract, occurred in Portland, Maine, and not in Massachusetts.

This Division was entitled to rely upon the allegations contained in the writ and declaration to determine the question of jurisdiction. *New Amsterdam Casualty Co. v. Ester,* 353 Mass. 90, 96 (1967). Those allegations failed to disclose any basis for jurisdiction in this Division.

If, in fact, the defendant is subject to our jurisdiction, the plaintiff is free to commence his action over by properly identifying the defendant and showing in the pleadings that the defendant is doing business in Massachusetts or otherwise qualifies under G.L. c. 223A.

The justice had statutory authority to allow the dismissal of the action. See §5 of G.L. c. 223A which provides: "When the court finds that in the interest of substantial justice, the action should be heard in

---

* As to Long Arm Statute (G.L. c. 223A). See: **Murphy v. Erwin Wasey, Inc.**, 460 F2d 661 (1972). **Kagan v. United Vacuum Appliance Corp.**, 357 Mass. 680. (9 Legalite 389. 22 Legalite 143, 23 Legalite 181).

another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just."

When the plaintiff cannot establish that the defendant is subject to our jurisdiction, he is free, of course, to bring his action in the appropriate forum. **Report dismissed.**