*Northern District*

## No. 8389

# C & M TILE CO., INC.
## v.
# PETRANGELO CONSTRUCTION CO.

Argued: Nov. 20, 1975. Decided: March 15, 1976.

Case tried to *Cullen, J.,* in the Fourth District Court of Eastern Middlesex (Woburn). No. 1133 of 1974.

Present: Constantino, J., Larking, (Presiding), and Flaschner, J.J.

Counsel for plaintiff: Singer & Singer, Boston.

**Flaschner, J.** In an action for payment on account of services performed, this is a report on the sustaining of an objection to a question by counsel for the defendant put to the president of the plaintiff corporation. The question asked was whether the plaintiff corporation had assigned all of its rights to sue to an assignee for the benefit of creditors. The report states that the objection to this question "was sustained on the grounds that this issue could not be raised at this time and ought to have been done by a motion to add a party plaintiff."

The defendant argues that its general denial places in issue the identity of the party to whom the money is due, if it is due at all, and that the question was proper since an affirmative answer would tend to show that the owner of the claim was the plaintiff's assignee, not the plaintiff. However, the report

includes no offer of proof stating what the witness would have answered to the question excluded. "If no such offer is made, there is no basis for a reversal since the Appellate Court cannot know whether the answer would be favorable or unfavorable and hence cannot know whether the party has been harmed by the ruling (citations)." Leach and Liacos, Handbook of Massachusetts Evidence 76 (1967).*

 The trial of this case took place before July 1, 1975 when Rule 17 of the Dist./Mun. Cts. R. Civ. P. became effective. Although that Rule now requires prosecution of actions generally "in the name of the real party in interest," the trial court may conclude that the objection to the absence of the real party in interest has been waived if not made with reasonable promptness. Wright and Miller, 6 Federal Practice and Procedure, §1554. This is essentially what the trial justice indicated in sustaining the objection.

Apart from this new rule which is not applicable to the instant case, the naming of the assignee as a party plaintiff has been said to be the assignee's right, not the defendant's. The assignee is expressly afforded this right by G.L.c. 216, §59. Generally it has been held that the right of substitution of parties "exists solely for the benefit of the transferee." 1 C.J.S. Abatement and Revival §112. And this "does not concern defendant." 6A C.J.S. Assignments §§104, 106. "As in the ordinary case of an action at law brought in the name of an assignor of a cause of action, it is immaterial to the defendant whether the plaintiff is the real party in interest or a nominal plaintiff suing for the benefit of another." *Becker v. Eastern Mass. St. Ry.*, 279 Mass. 435, 442 (1932).

---

* "Even in cross-examination where ordinarily an offer of proof is not required there still must be an indication that the excluded matter would be helpful." **C. v. Kleciak**, 350 Mass. 679. **C. v. Baker**, 348 Mass. 60, 63-64. 7 LEGALITE 299, 310. 10 LEGALITE 197, 285. 11 LEGALITE 55.

We do not consider the trial justice's actions on the defendant's requests for rulings, on which the defendant also claimed a report, since only the evidentiary claim of report was argued by counsel for defendant in his brief and in his oral argument. Moreover, on the basis of the evidence reported and the trial justice's special findings of fact, the finding for the plaintiff was clearly warranted.

**Report dismissed.**