MULTICAR LEASING COMPANY,
INC.

vs.

THE PRESIDENTIAL INSURANCE
AGENCY, INC. &
Richard ANDERSON

No. 304

District Court/Plymouth, ss.
Appellate Division/Southern District
Trial Court of the
Commonwealth of Massachusetts

November 9, 1982

John S. Marani, Esquire, counsel for plaintiff.

Edward E. Veara, Esquire, counsel for defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Dedham upon Report from the District Court Department, Brockton Division and it is found and decided that there was no prejudicial error.

It is hereby

ORDERED: That the Clerk of the District Court Department, Brockton Division make the following entry in said case on the docket of said Court, namely: JUDGMENT IS TO BE AMENDED TO DISPOSE OF THE COUNTERCLAIM. THE TRIAL COURT'S DECISION IS OTHERWISE AFFIRMED.

Date: November 9, 1982

Richard O. Staff, Justice

Charles E. Black, Justice

Opinion filed herewith.

Patricia D. Minotti, Clerk

### OPINION

Staff, J. This is an action brought by the plaintiff, Multicar Leasing Company, Inc., on a written contract entitled "Motor Vehicle Lease Agreement", in which action the plaintiff seeks to recover as a result of an early termination of the lease, all rent allegedly due the plaintiff prior to the proposed termination date as

well as one-half of the monthly rental due for the remaining term of the leasehold agreement.

The defendants, The Presidential Insurance Agency, Inc. and Richard Anderson, answered the plaintiff's complaint admitting that the Motor Vehicle Lease Agreement was entered into by Anderson as an individual and prior to the date of the corporate defendant's incorporation; that the various provisions of the lease contract were accurately quoted but denying that a breach of the contract existed on behalf of the defendant, and denying further that they owed one-half of the monthly rentals which would have come due for the entire remaining term of the contract. The defendants raised a number of affirmative defenses in their answer, two of which are relevant to their appeal: (1) that in general the contract was illegal, unconscionable, and void, and (2) that specifically the provision of the contract which requires that the lessee pay one half of the remaining rental payments in the event he breaches amounts to an illegal forfeiture and penalty.

The trial judge found for the defendant, The Presidential Insurance Agency, Inc. and found for the plaintiff against the individual defendant, Richard Anderson, in the sum of $4,598.90 plus interest and costs.

The defendant, Anderson, filed eight requests for rulings, some of which were not argued in his brief to the Appellate Division, and thus deemed waived. See Dist./Mun. Cts. R. Civ. P. 64(f).[1] See also C & M Tiles Co., Inc. v. Petrangelo Construction Co., 58 Mass. App. Dec. 26, 27, 29 (1976).

Although defendant's argument seems to be two-pronged, it resolves itself to the single issue whether the court should enforce the provision of the contract which provides that in the event of a breach by the lessee, he should pay the lessor one-half of the monthly rents due until the end of the term of the lease. He argues that the provision is unconscionable and creates a penalty. The trial court rejected defendant's contentions, and we affirm.

The ancient common law rule provided that in the absence of a traditional defense such as duress, incapacity, misrepresentation, illegality, or mutual mistake, the court would enforce a bargain according to its terms. Inadequacy of consideration was held insufficient to void a bargained-for promise.

This principle, however, is not inviolate. On the equity side courts have long reviewed contracts for fairness. On the law side the Uniform Commercial Code specifically permits a review of certain contracts for unconscionability, M.G.L. c. 106, sec. 2-302.

It would appear that the U.C.C. provision applies directly only to "the sale of goods"; however, in other cases in which the primary purpose of the contract is not the sale of goods, the court has held that the principle stated in the Code is applied "by analogy" and has examined the contract for unconscionability. Commonwealth v. DeCotis 366 Mass. 234, 242 (1974). Zapatha v. Dairy Mart (1980).[2] Zapatha indicates that the court on a case-by-case basis may examine the agreements for substantive unconscionability as well as the bargaining process for procedural unconscionability to determine whether a party has fulfilled its "obligation of good faith as to the other side" and whether there was "unfair surprise" or "oppression."

Although the fashioned standards are by necessity somewhat nebulous, it seems clear that the defendant has failed to make out a degree of unconscionability, either procedural or substantive, to require the court to set aside the terms of the agreement entered into by the parties themselves.

---

[1] The Appellate Division need not pass upon questions or issues not argued in briefs.

[2] Mass. Adv. Sh. (1980) 1837, 1843.

We turn to the question as to whether the terms of the contract, in effect, create a penalty. Anderson argues that in the event of a breach by the lessee the provision requiring the lessee to pay one-half of the monthly rentals which would have come due had the vehicle been kept for the full term creates a penalty if there is an early termination. It is common knowledge and we note that a substantial depreciation in the value of a new automobile occurs when it is driven from a dealer's showroom and becomes a used car. We observe that, at the time of making the contract, the parties would find it difficult if not impossible to predict the amount of damages which might be suffered by the lessor should the lessee breach.

Considering the contract in all of its aspects we are unable to say that the liquidated damages agreed to by the parties creates a penalty. The defendant's answer contains a counterclaim in two counts which was not disposed of by the judgment. However, the trial judge in his findings of fact found that the plaintiff did not breach its covenants.

Accordingly we order that the judgment be amended so as to dispose of the counterclaim.

The trial court's decision is otherwise affirmed.