Doyle, J.
This is an action in contract in which the plaintiff seeks to recover $3,717.07 for labor and materials supplied at premises owned and beinf, rehabilitated by defendant Wallace F. Snell. This action was commenced in the Superior Court Department, Essex County Division, and was transferred for trial to the Lynn Division of the District Court Department. A finding was entered for the defendants in the Lynn Division on January 9,1984.
The reported evidence indicates that Premium II Development Corporation (“Premium”), a defaulted defendant herein, served as general contractor for the rehabilitation of Snell’s Market, Inc., which was owned by defendant Wallace F. Snell (“Snell”). On January 13, 1982, plaintiff Conti executed a written subcontract with Premium to supply and install carpeting and rugs at the premises being rehabilitated by Snell. The plaintiff did not enter into a written contract with defendants Snell, Helen E. Snell or SneU’s Market, Inc.
The plaintiff received regular payments from the general contractors, Premium, for the first four months of the subcontract. On May 11,1982, the plaintiff learned of changes in the corporate stock ownership of Premium and became “skeptical of his being paid” by the general contractor. On the date in question, a balance of $3,717.07 was due the plaintiff on his contract.
*56 The plaintiff offered evidence as to a telephone conversation with defendant Snell on May 11,1982 which was wholly contradicted by the defendant. The plaintiff testified that he called Snell to inquire about being paid for future work and that Snell promised, in the course of such conversation, to see that the plaintiff was paid if he returned to complete the remaining subcontract work. The plaintiff further testified that in reliance upon Snell's alleged representation, he resumed and completed the work called for under his contract with Premium.
Defendant Snell denied having any conversation with the plaintiff on May 11,1982 or at any other time. The plaintiff admitted under cross-examination that he never remitted a bill to defendant Snell and that he never contacted Snell before or after May 11,1982.
The trial court entered subsidiary findings of fact which included the following:
There never was a contract between the defendants Wallace F. Snell, Helen E. Snell or Snell's Market, Inc. with the plaintiff, Paul Conti, for the installing of rugs and/or carpeting.
[Tjhere was never a telephone conversation between the plaintiff, Paul Conti and the defendant Wallace F. Snell, in which it was alleged that the defendant assured the plaintiff that he would get paid.
The plaintiff never sent a bill, or made a call, or went to see Wallace F. Snell to attempt to collect the alleged bill.
The plaintiff had a contract with the defaulted defendant, Premium II Development Corporation; and defendants Wallace F. Snell, Helen E. Snell and SneU’s Market, Inc. are not liable for services and materials supplied in the building where the contract was solely with Premium....
The plaintiff’s appeal to this Division is premised on a charge of error in the trial court’s disposition of the following requests for rulings:
1. The evidence requires a finding for the plaintiff.
2.’ Upon the law and the weight of the material, credible evidence introduced, the Court is required in finding that said defendants, Wallace F. Snell and/or Snell's Market, Inc. received consideration for the plaintiff remaining on the construction site and thereby finishing the work.
3. Upon the law and the weight 6f the material credible evidence, the Court is required in finding that performance is good and adequate consideration.
4. Upon the law and the weight of the materiaUeredible evidence introduced, the Court is required in finding that the said defendants, Wallace F. Snell and Snell’s Market, Inc., entered into an implied contract with the plaintiff, when the plaintiff agreed to finish the work for the said defendant, and thereby would be liable for quantum meruit.
5. The Court is required in finding that the plaintiff was reasonable to rely on the promise of the defendant, Wallace Snell and Snell’s Market, Inc., that they would remit payment to the plaintiff if he resumed work and finished the work that regained, and the plaintiff did finish and complete the work; whereby the said defendants received performance, and are liable to the plaintiff for the balance, of the contract therein; to wit, $3,717.07 thereof.
Each of these requests was denied as being inconsistent with the trial court’s subsidia^ findings of fact.
*57 1. In formulating his first request as one for a “required” finding, the plaintiff thereby sought a determination that he was entitled to a judgment in his favor as a matter of law. A request by a party with the burden of proof for a required finding is, however, customarily denied in the absence of binding evidence to establish the party’s claim. Perry v. Hanover, 314 Mass. 167, 170 (1943). The trial court’s denial of plaintiffs request number 1 was proper as a finding for the defendants was clearly permissible upon the reported evidence herein. Anapolle v. Carver, 327 Mass. 344, 345 (1951); Memishian v. Phipps, 311 Mass. 521, 524-525 (1942).
In endeavoring to recover for labor and materials supplied, a plaintiff “must look for payment to the one to whom credit was extended when the work was done, that is, the one who was expected to pay and who in fact expected to pay....” W.W. Britton, Inc. v. S.M. Hill Co., 327 Mass. 335, 337 (1951). It is well established that a subcontractor must resort for payment to his general contractor, and may not hold non-contracting parties liable for his services. See, generally, LaChance v. Rigoli, 325 Mass. 425, 427 (1950); Adams v. Elliott, 1982 Mass. App. Div. 315, 321-322. To recover from defendants Snell or Snell’s Market, Inc. herein, it was thus incumbent upon the plaintiff to establish the existence of an express or implied contract obligating the defendants to compensate him for work performed under a subcontract with another party.
The report indicates that no written contract was executed by the plaintiff and defendants Snell and Snell’s Market, Inc. The sole evidence suggesting the operation of an implied agreement between the parties for payment was the plaintiffs oral testimony as to the alleged telephone conversation of May 11, 1982. The sole arbiter, however, of the credibility of this evidence was the trial justice who would have been free to disbelieve the plaintiffs testimony even if the same had been uncontroverted. See, generally, Miles v. Caples, 362 Mass. 107, 114 (1972); Hamilton v. Hamilton, 325 Mass. 278, 279 (1950); Young v. New York, N.H. & H. R.R., 273 Mass. 567, 570 (1931). The plaintiffs allegation of a May 11,1982 conversation between the parties was in fact contradicted by defendant Snell’s testimony categorically denying the existence of the telephone call at issue. The trial justice, as was his prerogative, clearly rejected the plaintiffs testimony in favor of the defendant’s denial. As the defendant’s testimony was sufficient to sustain the trial court’s express findings in the defendant’s favor, the court’s denial of plaintiffs request number 1 was proper.
2. There was also no error in the trial court’s denial of requested rulings 2,3, 4 and 5.
Each of these requests asserted that the evidence required specific findings, as a matter of law, that Snell promised to compensate the plaintiff, that sufficient consideration supported this promise and that an implied contract thereby arose between the parties. The propositions advanced in requests 2,3, 4, and 5 were thus contrary to both the trial court’s express finding that no telephone conversation took place between the parties, and the court’s related, implicit findings that no promise was made by Snell and that no implied contract was created. As noted above, the court’s findings are easily sustained on a reasonable view of the reported evidence. A trial justice may properly deny requests for rulings which are based on assumed facts concerning which the evidence is conflicting, and which are inconsistent with, or contrary to, facts properly found by the trial justice. Fain v. Fitzhenry-Guptil Co., 335 Mass. 6, 9 (1956); Wood v. Spedoni, 328 Mass. 483, 485 (1952); Bartley v. Phillips, 317 Mass. 36, 38 (1944).
3. The plaintiff contended in oral argument that this Division should disregard the trial court’s subsidiary findings because these findings were filed *58 not only forty days after the court’s general finding for the defendants, but also subsequent to the filing of the plaintiffs draft report. The docket does not indicate a filing of subsidiary findings separate from, and later than, the court’s rendition of judgment for the defendants. Moreoever, further attention to this matter is not warranted in view of the absence of any written argument on the issue. Rule 64 (f) of the Dist./Mun. Cts. R. Civ. P. states that this Division “need not pass upon questions or issues not argued in briefs.” The omission from the plaintiffs brief of any discussion of this question constituted a waiver of appellate consideration thereof. Pitochelli v. Champy, 1983 Mass. App. Div. 141, 142; Multicar Leasing Co., Inc. v. The Presidental Ins. Agency, Inc., 1982 Mass. App. Div. 271; Holliston Mills Inc. v. Plimpton Corp., 55 Mass. App. Dec. 43, 51 (1974).
4. There being no error, the report is dismissed.