Houston, J.
The present case is a reach and apply action in which the plaintiffs seek to compel Zurich Financial Service Group (“Zurich Financial”) and/or Zurich Espanna Compana de Seguros and Reaseguros (“Zurich Espanna”) to provide coverage for a judgment they obtained against Zurich Espanna’s insured. The matter is before the Court on defendants’ motion to dismiss on the grounds that there has been insufficient service of process pursuant to Mass.R.Civ.P. 12(b)(5).[3]
BACKGROUND
The complaint states the following facts, which are taken as true for the purposes of this motion. On January 22, 1994, Adam Ottenritter (“Ottenritter”) was attending a social gathering at the home of one of the plaintiffs, David Hillinger (“Hillinger”) in Medfield, Massachusetts. While at Hillinger’s house, Ottenritter became intoxicated and fell down a flight of stairs, sustaining a closed head injury. Believing that Ottenritter had simply passed out, Hillinger picked him up and placed him on the couch to sleep. The following morning, Hillinger attempted to awaken Ottenritter but was unable to do so. Hillinger, along with his friend, Timothy Weber (“Weber”), also a plaintiff in this matter, and Jorge Curiel Onega (“Onega”) an exchange student from Spain, drove the unconscious Ottenritter in Ottenritter’s car to Ottenritter’s apartment and left him inside the car in the parking lot of his building. When Ottenritter was discovered he was dead.
On October 21, 1997, the estate of Adam Ottenritter filed a wrongful death action against the plaintiffs Weber and Hillinger. The plaintiffs’ insurers settled the estate’s claim for $750,000.00. The insurers then sought contribution from Onega through a Zurich Espanna insurance policy held by his father. Zurich Espanna denied coverage claiming that Onega was not insured at the time because he was living outside the country and because he was no longer a member of his parents’ household. In a settlement agreement Onega consented to the judgment and assigned to the plaintiffs all his rights against any insurer providing coverage for those claims. In this case, the plaintiffs *545 are seeking to compel the defendants to provide coverage for the judgment they obtained against Onega.
DISCUSSION
In a motion to dismiss for insufficient service under Mass.R.Civ.P. 12(b)(5), the plaintiff bears the burden to establish valid service. Brandi v. National Bulk Carriers, Inc., 14Mass.App.Ct. 916, 917 (1982). In this case, the plaintiffs mailed by certified mail return receipt two copies of the complaint to “Zurich Financial Services Group and Zurich Espanna Companniia DeSeguros and Reasaguros, 1400 American Lane, Shaumburg, Illinois,” which is the corporate headquarters of Zurich American Insurance Company (“Zurich American”). The defendants argue that the service was defective because Zurich American is not authorized to accept service on behalf of Zurich Financial and that the proper way to serve a foreign corporation is prescribed by the Hague Service Convention. The plaintiffs argue that this method of service on Zurich American, a wholly owned subsidiary of Zurich Financial, was proper. Although the Court disagrees with the defendants that the Hague Service Convention necessarily applies in this case, plaintiffs’ service of process was nevertheless improper.
Both the plaintiffs argue that process was proper because Massachusetts Rule of Civil Procedure 4(e) authorizes service on an out of state defendant by certified mail, return receipt. It is clear that had the certified letter been mailed directly to Zurich Financial in Switzerland and Zurich Espanna in Spain, the Hague Service Convention would apply and preempt Rule 4(e). See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699-700 (1988) (holding that the Hague Service Convention applies when state law mandates transmittal of judicial documents for service abroad); Golub v. Isuzu Motors, 924 F.Sup. 324, 326 (D.Mass. 1996) (holding the Hague Service Convention applies to Rule 4(e) of the Massachusetts Rule of Civil Procedure). However, if Massachusetts law permits a domestic method for service upon a foreign corporation, the Hague Service Convention need not apply. See Volkswagenwerk Aktiengesellschaft, 486 U.S. at 707.[4]
The plaintiffs argue that Zurich American’s headquarters in Illinois is actually an office of Zurich Financial Services or that Zurich American is a local subsidiary of Zurich Financial Services and as such, service on both Zurich Financial Services and Zurich Espanna was proper. However, even without evaluating the relationship of Zurich American to the defendants, service was improper because it was not made personally and was not made to a designated individual. As such, it is invalid. See Mass.R.Civ.P. 4(e) & (d)(2).
Massachusetts Rule of Civil Procedure 4(e) authorizes personal service outside of the Commonwealth in four ways. Two are relevant here: Rule 4(e)(3) authorizes service by mail with return receipt. As noted above, mailing directly to a foreign corporation would violate the Hague Service Convention. Thus, in order to avoid the Hague Service Convention the plaintiffs must rely on a different means of affecting service. Rule 4(e)(1) authorizes service by any means prescribed in Rule 4(d)(2); Rule 4(d)(2) authorizes service to a foreign corporation by “delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process.” By failing to address the letter to any individual at all, and by failing to serve it personally upon a designated person, plaintiffs failed to comply with Rule 4(d)(2). Cf. Stanley Works v. Globemaster, 400 F.Sup. 1325, 1328 (D.Mass. 1975) (holding service proper on local subsidiary when service was personally made to a named individual and subsidiary meets certain requirements). Because service of process does not comply with Rule 4(e) and thus cannot be said to be reasonably calculated to give actual notice, the plaintiffs complaint is dismissed without prejudice. See Kagan v. United Vacuum Appliance Corp., 357 Mass. 680, 682 (1970) (holding failure to designate recipients of service fails to comply with G.L.c. 223A, §8).
ORDER
For the reasons stated above, the defendants’ motion to dismiss is ALLOWED without prejudice.

The defendants also moved for a dismissal for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2). Because the Court is dismissing the plaintiffs’ complaint for insufficient service of process the Court need not reach this claim.

The Hague Convention applies “in all cases . . . where there is occasion to transmit a judicial or extrajudicial document for service abroad.” Volkswagenwerk Aktiengesellschaft, 486 U.S. at 699 (quoting Article 1 of the Hague Service Convention). However, as the United States Supreme Court made clear in Volkswagenwerk Aktiengesellschaft, Massachusetts state law determines whether or not there is an “occasion to transmit a judicial document for service abroad.” See id. at 707. In other words, if Massachusetts state law permits a plaintiff to serve a local subsidiary of a foreign corporation, then there is not an occasion to transmit judicial document for service abroad and proper service to a local subsidiary does not fall within the scope of the Hague Service Convention. Id.