The plaintiff appeals from a Superior Court judgment dismissing his complaint against the defendants, all foreign corporations, due to his failure to provide proof of valid legal service in compliance with the long-arm statute, G. L. c. 223A, § 6(a )(3). We affirm.
Background. This case arises from the plaintiff's attempt to perfect service by registered mail addressed to the corporations by name,[3] rather than by service to a designated individual at each corporation. On September 6, 2013, and again on August 20, 2014,[4] the motion judge issued decisions and orders finding the plaintiff's attempted service on the defendants in this manner insufficient. In both decisions, the judge relied upon Kagan v. United Vacuum Appliance Corp., 357 Mass. 680, 685 (1970), which held that service by registered mail addressed to a foreign corporation by name, rather than to one of the corporate officers or employees as specified in G. L. c. 223, § 37, is insufficient. In accordance with Kagan, the judge stated that valid service pursuant to G. L. c. 223, § 37, required service "upon the president, treasurer, clerk ... secretary, agent, or other officer in charge of [the corporation's] business." The August 20, 2014, order further stated that the plaintiff had until November 1, 2014, to provide the clerk's office with "proof of effective legal service on each of the defendants," or to obtain an extension of time on a showing of good cause, and that a failure to do either "shall result in the dismissal of plaintiff's claims."
Two years later, on September 9, 2016, a different judge dismissed the plaintiff's complaint on the basis that the plaintiff had failed to comply with the August 20, 2014, order. The docket does not reflect that the plaintiff had made any further attempts to perfect service in accordance with the 2014 order. The plaintiff appealed.
Discussion. This case is controlled by Kagan, which explicitly rejected the same argument made by the plaintiff here, that is, that service by mail to a foreign corporation is valid where merely addressed to the corporation, rather than one of the statutorily designated individuals. 357 Mass. at 685. Bound as we are by Kagan, we must read G. L. c. 223A, § 6, not in isolation, as the plaintiff here essentially asks us to do,[5] but together with G. L. c. 223A, § 8, and G. L. c. 223, §§ 37 and 38. Id. at 684-685. Accordingly, the plaintiff was required to make service upon the "designated individual or individuals," defined as "the president, treasurer, clerk ... cashier, secretary, agent, or other officer in charge of its business," for each of the defendant corporations. Id. at 685 quoting from G. L. c. 223A, § 8, and G. L. c. 223, § 37.
The plaintiff misreads Kagan's holding that service in that case was improper as hinging upon the absence of a mailing receipt signed by anyone on behalf of the defendant corporation. We find nothing in Kagan to support this contention. The plaintiff also argues-including in postargument letter, which we have considered-that Kagan is ambiguous and internally contradictory. We conclude that its application to this case is clear.
The plaintiff's reliance on Andover v. State Fin. Servs., Inc., 432 Mass. 571 (2000), is misplaced. Andover examined the question of adequate notice to property owners under a tax title foreclosure law, G. L. c. 60, § 66, and not service of process under the long-arm statute. Also unavailing is the plaintiff's reliance on United States v. Ayer, 857 F.2d 881 (1st Cir. 1988), which addressed the validity of service on an individual under G. L. c. 223A, § 6(b ), ibr.US_Case_Law.Schema.Case_Body:v1">id. at 887, and on a foreign corporation by serving its "agent" as authorized by G. L. c. 223, § 37. Id. at 888. In that case the court concluded that the individual who was served was an authorized agent of the corporation. Ibid.
The plaintiff also failed to make service on the Secretary of State, as an alternative to each of the defendant's registered agents, as authorized by G. L. c. 156D, § 15.10. In an action against a foreign corporation (with the exception of an insurance company), G. L. c. 223, § 38, authorizes service on the Secretary of State under G. L. c. 156D, § 15.10. The plaintiff seems to have misinterpreted the applicability of G. L. c. 156D, § 15.10, to his circumstances, insofar as he argues that one of the defendants had no record with the Secretary of State, and the other had withdrawn from doing business in the Commonwealth.[6] Nonetheless, the judge's August 20, 2014, order made clear that this alternative form of service would be valid. There was no error or abuse of discretion in dismissing the plaintiff's complaint two years later, by which time he still had not filed proof of proper service.
The plaintiff argues that the judge's order directing him to show proper service by November 1, 2014, or else to show good cause to enlarge the time for doing so, see Mass.R.Civ.P. 4(j), as appearing in 402 Mass. 1401 (1988), was, in essence, an abuse of discretion, because reserving the defendants would have caused his claims to be time-barred. We disagree. We first note that, because the plaintiff has not included the complaint in his record appendix, we are unable to determine when his claims allegedly accrued and thus the date(s) by which they had to have been filed. More important, the judge's order suggested that the time for service could be extended if good cause were shown. If the plaintiff's claims were timely when originally filed, we see no reason why making service (or additional service, in the plaintiff's view) within a period properly extended under rule 4(j) would render them untimely.
Conclusion. The plaintiff was given multiple opportunities to perfect service upon the defendants, but he did not do so. Under Kagan, the judgment dismissing his complaint must be affirmed.
Judgment affirmed.

The notice to defendant Homeward Residential, Inc., was sent to the attention of its legal department.

The 2014 order also vacated, on grounds of failure to show proper service, defaults entered on August 9, 2013, as to two of the defendants. Because service was improper as discussed infra, there was no error or abuse of discretion in the judge's sua sponte order removing those defaults.

The plaintiff argues that he made valid service under G. L. c. 223A, § 6, inserted by St. 1968, c. 760, which states, "[w]hen the law of this commonwealth authorizes service outside this commonwealth, the service, when reasonably calculated to give actual notice, may be made: ... (3) by any form of mail addressed to the person to be served and requiring a signed receipt ...." He notes that "person" as defined in G. L. c. 223A, § 1, includes a corporation.

Under G. L. c. 156D, § 15.10(b ) and (c ), read together with c. 156D, § 15.03, service may be made upon a foreign corporation that has not filed a certificate naming its registered agent in the Commonwealth with the Secretary of State, or that has withdrawn from doing business in the Commonwealth, by serving the Secretary of State.